*1247 ON REHEARING
PER CURIAM.
This court’s original opinion dated January 9, 1985, is withdrawn and the following is substituted therefor:
This is an unemployment compensation case.
Claimant filed a claim for unemployment compensation benefits, which was initially denied because she received “vacation pay.” The claimant later reapplied for benefits. Benefits were granted in a reduced amount because of certain monthly supplemental payments of $286.35 from her former employer. In a reconsideration hearing, the examiner refused to grant the full amount of unemployment compensation benefits on the basis that the monthly supplemental payments of $286.35 were a “pension.”
The Division of Hearings and Appeals for the Alabama Department of Industrial Relations affirmed the denial of full benefits and denied the claimant’s application to appeal to the Board of Appeals. After appealing to the Circuit Court of Jefferson County, on a trial de novo the trial judge rendered a judgment for the Department of Industrial Relations, holding that the monthly supplemental payments of $286.35 per Ala.Code (1975), § 25-4-78(8), should be deducted to reduce the unemployment compensation benefits. The claimant appeals; the Department cross-appeals, and we reverse.
The claimant appeals, contending that the trial court erred in its determination that, in effect, the claimant’s monthly supplemental payments of $286.35 are a retirement payment that must be deducted to reduce the unemployment compensation benefits.
The Department cross-appeals, contending, in the main, that the claimant should be disqualified from receiving any unemployment compensation benefits.
We determine that the dispositive issue on appeal is whether the claimant is ineligible for any unemployment compensation benefits pursuant to § 25-4-78(8), Ala.Code *1248 (1975), because of a lump sum payment from a company retirement plan.
The facts, which generally are not in dispute but pertinent to this issue, are as follows: The claimant was an employee of Mulga Coal Company, a subsidiary of Mead. The parent corporation, Mead, notified its subsidiaries that they would offer a special voluntary retirement opportunity to salaried employees, fifty-five years or older, who had ten years of service and were participants in a Mead Salaried Retirement Plan. The record indicates that this retirement opportunity was part of a process to balance the salaried payroll with declining business prospects. However, the employer-subsidiary, Mulga Coal Company, was threatened with a takeover by Drummond Coal Company; therefore, and as stated by the trial judge in his findings of fact, the claimant was in effect forced to retire early. The claimant testified that this was because it was unlikely that Drummond would keep the Mulga employees over age fifty-five.
The claimant chose the special retirement opportunity. This included full salary until retirement date, continued group insurance, accrued vacation payments, accrued benefits under the “Mead Industrial Product Salaried Retirement Plan,” and supplemental monthly payments of $286.35 until age sixty-five, reflecting fifteen percent of base monthly salary.
The claimant was retired by Mulga on September 17, 1982, only a week before Drummond purchased Mulga. She later received all of the accrued benefits under the Mead Industrial Product Salaried Retirement Plan in a lump sum check of about $56,000.
As indicated, the Department contends that pursuant to § 25-4-78(8), the claimant is ineligible to receive any unemployment compensation benefits because of the lump sum retirement pay.
First, we note that the Department preserved this issue on cross-appeal. In order to preserve a matter for appeal or cross-appeal, a party must call the matter to the attention of the trial court by way of objection or other appropriate methods. See Moody v. State ex rel. Payne, 295 Ala. 299, 306, 329 So.2d 73, 79 (1976); see also Ala.Digest, Appeal & Error, Key No. 181. However, we would be remiss in not making the following comments. While far from a paragon of clarity, the Department appears to have properly brought the issue of total disqualification to the trial court’s “attention.”
The Department, at the close of the claimant’s evidence, made an oral motion. This motion, at best, would appear to this court to be a Rule 41(b), Alabama Rules of Civil Procedure, motion for dismissal. The motion made mention of § 25-4-78(8) and also the lump sum retirement payment. Additionally, the record reveals that the total disqualification issue, via the lump sum payment, was, again, called to the attention of the trial court. This later action was by way of a more specific argument to the trial court. Therefore, when the record before this court is viewed in its entirety, this court cannot conclude as a matter of law that the Department’s contention was not brought to the attention of the trial court.
Put another way, after careful consideration, we have no alternative but to conclude that the matter was called to the attention of the trial court by an appropriate method.
A claimant will be disqualified for unemployment compensation benefits:
“For any week with respect to which, or a part of which, an individual has received or has, except for the determination of an exact or specific amount, been determined eligible to receive (during a period for which benefits are being claimed) governmental or other pension, retirement or retired pay, annuity, or similar periodic payment which is based on the previous work of the individual...."
Ala.Code (1975), § 25-4-78(8) (emphasis added).
Additionally, § 24-4-78(8) provides an exception whereby a claimant can still receive partial unemployment compensation *1249 benefits in an amount, when added to the weekly pension payment, that does not equal or exceed the benefits allowable under the Unemployment Compensation Act.
There is testimony by the claimant that she elected to receive her retirement money in a lump sum, as opposed to a monthly payment of $600 or $700 for the rest of her life.
This accrued retirement pay was “based on the previous work of the individual” as required by Ala. Code (1975), § 25-4-78(8). There is no evidence to the contrary that the lump sum of $56,000 was a pension arising out of and pursuant to the employer-employee relationship, and the claimant had a legal right to receive this pay.
In Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (Ala.Civ.App.1970), an involuntarily retired employee received a monthly payment pursuant to an employer pension plan. We held in Holmes that the employee was not entitled to unemployment compensation benefits because the monthly pension payments arose out of the employer-employee relationship and equaled or exceeded the benefits provided by the Unemployment Compensation Act.
Here, as indicated, there was evidence that the lump sum payment was in lieu of a monthly payment of $600 or $700 for life. Additionally, there was evidence that maximum allowable benefits for the claimant under the Unemployment Compensation Act were $90 per week.
If the lowest monthly figure of $600 was divided into a weekly amount of $150, that weekly amount would clearly exceed the $90 per week maximum that was allowable for the claimant under the Unemployment Compensation Act. Therefore, the claimant is not due any unemployment compensation benefits under the authority of § 25-4-78(8).
As we stated in Holmes v. Cook, 45 Ala.App. 688, 693, 236 So.2d 352, 356 (1970),
“If a worker, though unemployed involuntarily, is provided with wages or a substitute therefor, up to amount of benefits provided by unemployment compensation, fully or substantially through contributions by his employer and because of or arising out of, the prior existing employer-employee relationship, the purposes of the statute are fulfilled. The worker is not thrown destitute and without means of support into the economic maelstrom. The social evil the statute was designed to ease and remedy is not present. The employer has fulfilled his responsibility to the worker and society.”
Because the accrued retirement sum paid to the claimant was a pension that arose out of the employer-employee relationship based on the previous work of the claimant, and the sum, when divided into weekly paydays, exceeded the benefits allowable by the Unemployment Compensation Act, we cannot say that the claimant is due any unemployment compensation benefits.
In view of our decision disqualifying the claimant from receiving any unemployment compensation benefits pursuant to § 25-4-78(8), the above holding is dispositive of all issues raised on appeal and cross-appeal, and, therefore, these issues are pretermit-ted.
The application for rehearing is due to be granted. The original opinion and judgment of this court should be set aside, and the judgment appealed from is due to be reversed and remanded in order that a judgment denying all benefits may be ordered.
APPLICATION FOR REHEARING GRANTED.
OPINION SUBSTITUTED.
REVERSED AND REMANDED.
All the Judges concur.