MONROE, Judge.
This is an appeal from an award of unemployment compensation benefits.
Mary Ann Brown had been an employee of General Telephone Company of the Southeast (GTE) for 21 years when her employment was terminated. Judith Field had been an employee of GTE for 28 years when her employment was terminated. Both employees were eligible, upon termination of their employment, to receive a monthly pension payment. Brown could have received a monthly payment of about $525, and Field could have received a monthly payment of about $615. However, Brown and Field each elected to receive a lump sum payment of her accumulated pension benefits and to have the payment reinvested in a plan of her choice, in lieu of receiving monthly payments.
*786 Brown and Field each applied for unemployment compensation upon termination of their employment, and they were each denied unemployment compensation by the Alabama Department of Industrial Relations, through the administrative process. Brown and Field each appealed to the circuit court; their appeals were consolidated for a trial de novo in circuit court. In September 1995, the trial court entered a judgment in favor of Brown and Field, finding that they were involuntarily terminated from their employment or that their leaving their employment was for a good cause related to the employment, and awarding them each 26 weeks of unemployment compensation at the rate of $165 per week. The Alabama Department of Industrial Relations (DIR) appeals.
DIR does not contest the determination that Brown and Field were involuntarily terminated or that they had left their jobs for good cause related to the jobs and that they are, therefore, entitled to unemployment compensation benefits. However, DIR contends that the trial court erred in failing to offset the amount of compensation by the amount of monthly pension benefits the employees were eligible to receive, pursuant to § 25-4-78(8), Ala.Code 1975.
Section 25-4-78 provides:
“An individual shall be disqualified for total or partial unemployment:
[[Image here]]
“(8) RECEIPT OF PENSION PAYMENT — For any "week with respect to which, or a part of which, an individual has received or has, except for the determination of an exact or specific amount, been determined eligible to receive (during a period for which benefits are claimed) governmental or other pension, retirement or retired pay, annuity, or similar periodic payment which is based on the previous work of the individual; except, that
[[Image here]]
b. For weeks of unemployment which begin on or after April 26, 1982, the amount of any benefits payable to an individual for any such week which begins in a period with respect to which the disqualifying provisions of this subdivision apply, shall be reduced (but not below zero) by an amount equal to the amount of such pension, retirement or retired pay, annuity or other payment, which is reasonably attributable to such week....”
In Wright v. State Dep’t. of Indus. Relations, 470 So.2d 1246 (Ala.Civ.App.1985), this court held that the receipt of a lump sum payment of pension or retirement pay, in lieu of monthly payments for which the employee was eligible, was a payment under § 25-4-78(8) and reduced the amount of unemployment compensation the employee was eligible to receive by the amount the employee would have received monthly. In Wright, the amount that the employee would have received weekly was higher than the amount of unemployment compensation for which the employee was eligible; thus, the employee was not eligible for unemployment compensation.
Brown and Field argue that § 25-4-78(8) does not apply to them because their lump sum pension payments from GTE were directed into limited access accounts where they will receive a penalty for early withdrawal of their retirement funds. However, the record reveals that they voluntarily elected to receive lump sum payments of then-pension instead of monthly payments for which they were eligible. That they are limited in their access to- their lump sum payments because of the type of account into which the payments were directed is irrelevant. Section 25-4-78(8) still applies.
The judgment of the trial court is reversed and this case is remanded for a determination of the amount of unemployment compensation to which Brown and Field are entitled after the application of § 25-4r-78(8).
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.