438 So.2d 741 (1983)
MAINTENANCE INCORPORATED, a Corporation
v.
HOUSTON COUNTY, ALABAMA, a Political Subdivision of the State of Alabama.
82-82.
Supreme Court of Alabama.
September 30, 1983.
*742 Alan C. Livingston and Huey D. McInish of Lee & McInish, Dothan, for appellant.
Jere C. Segrest of Hardwick, Hause & Segrest and Richard H. Ramsey, III, Dothan, for appellee.
ALMON, Justice.
This is an appeal from a summary judgment granted in favor of a county which terminated its contract with a solid waste disposal corporation for noncompliance with the competitive bid law. The contract was originally negotiated as a result of another agreement between the parties which did comply with the bid law.
In 1976, Houston County (the County) let a contract for the collection and disposal of solid wastes. Maintenance Incorporated (Maintenance) was the low bidder and was awarded the contract on March 15, 1976. The contract, which provided for monthly payments to Maintenance, would expire four years from the date of award unless the County exercised its option to cancel the contract at the end of any 12-month period with 90 days' notice. Maintenance was in turn given the right to negotiate for a new agreement after giving written notice at least 90 days prior to the end of the four-year term.
Maintenance performed its duties under the 1976 agreement without any objections from the County. Prior to the expiration of the 1976 contract term, Maintenance duly notified the County of its desire to renegotiate a one-year extension of the contract, and both parties subsequently entered into negotiations. During one meeting, the County attorney stated in the presence of both parties that the second agreement need not comply with the competitive bid law to be valid. On April 14, 1980, the parties executed a second contract for garbage collection services which would terminate on September 30, 1981. Unlike the 1976 contract between the parties, the 1980 contract was not let on a competitive bid basis and did not contain a renegotiation clause. The County, however, had the option to cancel the 1980 contract upon 60 days' written notice if the state or federal government failed to appropriate funds sufficient *743 to satisfy the monthly payments to Maintenance.
Maintenance received payment for its performance under the second contract until December 31, 1980, when the County terminated the contract without any allegations of inadequate performance on the part of Maintenance and without any proof of insufficient funding. At the time of cancellation, Maintenance was ready, willing, and able to perform its remaining services under the contract.
Maintenance then filed suit against the County in circuit court for breach of contract. The County filed a motion to dismiss, alleging that the contract was void as a matter of law due to noncompliance with the competitive bid law. Although the trial judge denied this motion, the County raised this same defense in its answer and also included the assertion that its termination complied with the notice provision contained in the contract. The County, however, failed to include in its answer any allegation that either the state or federal government failed to appropriate the funds necessary to satisfy its contractual obligation to Maintenance.
On November 12, 1981, the County filed a motion for summary judgment and attached affidavits of the County commissioners. In opposition to this motion, Maintenance filed the affidavits of its President, Glenn F. Wise. The motion for summary judgment was submitted to the court upon the argument and briefs of both parties, and the court granted the motion in favor of the County. Maintenance then filed its notice of appeal to this Court.
The issues presented on appeal are 1) whether the 1980 contract between the County and Maintenance was subject to the competitive bid requirement of Code 1975, § 41-16-50(a)(1); 2) whether the 1980 contract constituted a renewal of the 1976 contract between the County and Maintenance and was thereby protected by the 1976 competitive bid; and 3) whether the existence of an estoppel presented questions of fact beyond the province of a summary judgment.

I. The Competitive Bid Requirement
Section 41-16-50(a)(1), Code 1975, provides in pertinent part that all service contracts involving $2,000.00 or more entered into by the governing boards of counties be awarded by "free and open competitive bidding, on sealed bids, to the lowest responsible bidder ...."
Maintenance argues, however, that under the authority of Code 1975, § 22-27-27, the provisions of the Solid Wastes Disposal Act, Code 1975, § 22-27-1 et seq., are repugnant to and thereby supersede the competitive bid law. In support of this contention, Maintenance cites the following statutory provisions: 1) Code 1975, § 22-27-3(a), which provides that the "county commission or municipal governing body may provide [garbage] collection or disposal services by contract with private ... agencies ..."; and 2) Code 1975, § 22-27-5(a), which provides that a "county commission or public authority may enter into mutual agreements or contracts with the government bodies of other counties, municipalities, corporations or individuals, where deemed to be mutually economical and feasible, to jointly or individually collect, haul and/or dispose of solid wastes ...."
Maintenance then refers to Code 1975, § 41-16-51(a)(10), the May 4, 1982, amendment to the competitive bid law, which exempts all existing contracts up for renewal for solid waste disposal from the competitive bid requirement. Maintenance posits that this amendment further clarifies the preexisting legislative intent to exclude its 1980 contract from the bid law.
Although we do not question the authority of the County to enter into the 1980 contract with Maintenance pursuant to Code 1975, § 22-27-3(a), we do not agree with the conclusion that this contract was exempt from the competitive bid requirement of Code 1975, § 41-16-50(a)(1).
A comparison of the Solid Wastes Disposal Act and the competitive bid law prior to the 1982 statutory amendment reveals no repugnancy between the two enactments. The former only grants counties *744 the authority to contract with private agencies for the disposal of solid wastes and the latter, when incorporated therein, prescribes the procedure for awarding these contracts. Code 1975, § 22-27-27, moreover, only applies to the financing of these contracts, and can in no way uphold the negotiation and execution of a solid waste contract between a county and private agency which failed to comply with the bid law.
Furthermore, the fact that the legislature expressly enacted an exemption for solid waste disposal contracts from the competitive bid law militates in favor of the view that, prior to the amendment, such contracts were subject to the bid law. Any interpretation to the contrary would render the amendment superfluous, and we cannot presume that the legislature used language without meaning or application. Robinson v. State, 361 So.2d 1113 (Ala.1978), on remand, 361 So.2d 1115 (Ala.1978). We therefore hold that the 1980 contract between the County and Maintenance was subject to the competitive bid requirement of § 41-16-50(a)(1).

II. The Renegotiation Provision
Maintenance characterizes the 1980 contract as a renewal of the 1976 contract and contends that its compliance with the bid law in 1976 obviated the necessity of further compliance with the bid law in 1980.
The 1976 contract, however, provided for a four-year term and was therefore void as a matter of law under the authority of Code 1975, § 41-16-57(e), which requires that service contracts be let for no longer than three-year periods. The 1980 contract could not logically be characterized as a renewal of a void agreement and must perforce be deemed a separate contract subject to the bid law. The failure to comply with the competitive bid law therefore renders the 1980 contract void in accordance with Code 1975, § 41-16-51(d).

III. Estoppel
Maintenance contends that the County is estopped from denying the validity of the 1980 contract because the president of Maintenance detrimentally relied upon the assurances of the County attorney that the contract would be valid without the necessity of receiving competitive bids.
Maintenance cannot, however, by way of estoppel, endow with validity a transaction which is illegal and against public policy. Cochran v. Ozark Country Club, Inc., 339 So.2d 1023 (Ala.1976). Where the 1980 contract between Maintenance and the County was void for noncompliance with the bid law, the principle of estoppel could not be utilized to create the contract anew. Bates v. Jim Walter Resources, Inc., 418 So.2d 903 (Ala.1982).
Where, moreover, the legislature has expressed its public policy of voiding contracts which do not comply with the competitive bid law, we decline to expand the scope of our holding in Alford v. City of Gadsden, 349 So.2d 1132 (Ala.1977), which upheld an estoppel argument against city officials who merely failed to follow the formalities of contract execution.
The judgment granting a summary judgment on behalf of Houston County is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, SHORES and ADAMS, JJ., concur.
JONES, J., dissents.
JONES, Justice (dissenting).
I respectfully dissent. I would reverse on the authority of Alford v. City of Gadsden, 349 So.2d 1132 (Ala.1977).