This is a zoning case. The appellant attempted to secure a variance that would enable it to maintain a mobile trailer, as an office, in an area zoned B-2 (general business). The circuit court, on stipulated facts, exhibits, and depositions, upheld the Board of Adjustment's refusal to grant a variance.
It was stipulated to the court that appellant was given a variance by the Municipal Planning Commission to place the trailer on the Lambert property. This was apparently several years prior to 1980. Appellant lost its lease and sought to move the trailer *Page 1236 
to the DeLorme property, which was also zoned B-2. It was further stipulated that the ordinance creating the Municipal Planning Commission was repealed on February 25, 1980, by the City Council; that on December 17, 1979, the Circuit Court of Cullman County in an action, Warren v. Hanceville Water andSewer Board, CV-79-5062 (Dec. 17, 1979), entered an order as follows: "The usual functions by the Council, the officers and the boards of the City of Hanceville will go forward, including long-range planning both in construction and funding indebtedness." Other stipulations were: On March 5, 1980, the Municipal Planning Commission granted to appellant a twelve-month variance to move the trailer to the DeLorme property; on March 24, 1980, the City Council granted the appellant a variance with no limitations; on March 25, 1980, the city clerk wrote appellant a letter notifying it of the Council's action of March 24, 1980; on April 9, 1980, the appellant purchased the DeLorme property and moved its trailer to that property; in the latter part of 1980, the Municipal Planning Agency was recreated by city ordinance; on October 6, 1981, the Municipal Planning Agency voted the appellant was in violation of the zoning ordinance, and on October 15, 1981, said commission notified appellant of the zoning violation; the appellant appealed to the Board of Adjustment; on February 18, 1982, the appellant notified the City of Hanceville it was in the process of moving its trailer and requested a four-month extension in which to move.
The appellant contends on appeal that the City Council had legal authority to grant appellant a permanent zoning ordinance variance and that the Board of Adjustment of the City of Hanceville and the City of Hanceville are estopped from denying appellant's unlimited variance from the zoning ordinance.
Whether a city council has the power to usurp from the Board of Adjustment its traditionally recognized power to grant a use variance in "unnecessary hardship" cases has been before the courts on numerous occasions. Section 11-52-80 (d), Ala. Code (1975), sets out the powers of the Board of Adjustment which includes authorization of variance from the terms of the zoning ordinance. The power and authority of the Board of Zoning Adjustment (to determine that the facts are such as was intended by the legislature to entitle a property owner to a variance from the terms of a zoning ordinance) are not a delegation of legislative authority; the Board of Zoning Adjustment sits as an administrative body performing a quasi-judicial function. Nelson v. Donaldson, 255 Ala. 76,50 So.2d 244 (1951). And, since the Board of Adjustment derives its power directly from the state legislature, such power cannot be circumscribed, altered, or extended by the municipal governing body. Nelson v. Donaldson, 255 Ala. 76, 50 So.2d 244
(1951). Accord, Water Works Board v. Stephens, 262 Ala. 203,78 So.2d 267 (1955). Therefore, the Municipal Planning Commission, not the City Council, had the authority to authorize a variance from the zoning ordinance. The record does not show that the Board of Adjustment was ever abolished as was the Municipal Planning Commission.
Although the doctrine of equitable estoppel is as a general rule not applicable to the state, to municipal subdivisions, or to state created agencies, Marsh v. Birmingham Board ofEducation, 349 So.2d 34 (Ala. 1977), the doctrine is applicable to government where justice and fair play require it. UnitedStates v. Lazy FC Ranch, 481 F.2d 985 (9th Cir. 1973). But we must apply the usual rule that such bodies cannot be estopped by doing that which they had no authority or right to do.Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977); Board ofSchool Commissioners of Mobile County v. Hudgens, 274 Ala. 647,151 So.2d 247 (1963).
On de novo appeal to the circuit court from a ruling of the board of adjustment, the authority of the circuit court is the same as that conferred on the board of adjustment. Nelson v.Donaldson, 255 Ala. 76, 50 So.2d 244 (1951). And the scope of inquiry by the circuit court is limited to *Page 1237 
only those issues which could be properly presented to the board of zoning adjustment. The de novo hearing provided for under state law envisions an entirely new hearing in the circuit court as if the matter had not been tried before. Boardof Zoning Adjustment v. Warren, 366 So.2d 1125 (Ala. 1979).
In situations where a variance is at issue, the primary question is whether, due to special conditions, a literal enforcement of a zoning ordinance will result in unnecessary hardship. Pipes v. Adams, 381 So.2d 86 (Ala.Civ.App. 1980). InPriest v. Griffin, 284 Ala. 97, 101, 222 So.2d 353, 357 (1969), the supreme court quoted with approval from Nelson v.Donaldson, 255 Ala. 76, 84, 50 So.2d 244, 251 (1951):
 "Variances from the terms of the zoning ordinance should be permitted only under peculiar and exceptional circumstances. Hardship alone is not sufficient. The statute says `unnecessary hardship,' and mere financial loss of a kind which might be common to all of the property owners in a use district is not an `unnecessary hardship.'"
In this case it is evident that appellant purchased the property cognizant of its intended nonconforming use. The property owner in this case has not shown that it will suffer an "unnecessary hardship" nor has it shown "peculiar and exceptional" circumstances to warrant a variance.
This court pretermits writing to the first issue raised by appellant as it is not essential to the controlling issues in this case.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
This case is due to be and is affirmed.
AFFIRMED.
All the Judges concur.