The City of Guntersville appeals from a judgment entered on a jury verdict declaring that the City is estopped to deny the validity of a lease between it and the Alreds. We affirm.
On September 11, 1978, at a meeting of the Guntersville city council, the Alreds approached the council concerning their desire to lease the Harbor House Restaurant and Marina, owned by the City. The minutes of the October 2, 1978, council meeting reflect that all interested parties were negotiating to reach an agreement for the lease of the restaurant and marina to the Alreds. At the October 16, 1978, council meeting, Robert L. Hembree, mayor of Guntersville, stated that the Harbor House Restaurant and Marina property had been leased by the City to the Alreds.
The lease was executed on October 4, 1978, and was signed by Hembree, as mayor of the City, and by the Alreds. The term of the lease was 25 years, beginning October 9, 1978. The Alreds have operated the restaurant and marina from October 9, 1978, to the present and have made monthly rental payments during that time.
It is undisputed that the lease was never approved by an ordinance as required by Alabama Code (1975), § 11-47-21. Mayor Hembree stated that at the time the Alred lease was executed he was unaware of the necessity of such an ordinance. The Guntersville city clerk-treasurer testified that none of the municipal leases in Guntersville was adopted pursuant to an ordinance until 1984, when city officials became aware of the necessity for such an ordinance.
Mayor Hembree testified that the basis of the City's declaratory judgment action was the fact that the Alreds had shortened the operation of the restaurant to only three days a week. The reduction in hours decreased the amount of rent due, because part of the rent due was two percent of gross sales. The lease did not contain a provision specifying the number of days or hours the restaurant and marina would be open.
The Alreds argue that the City should be estopped from denying the validity of the lease because they relied upon it and expended substantial sums of money to obtain the property and to make improvements on it.
The City argues that estoppel does not apply here because the City did not have the authority to enter into a lease with the Alreds and, therefore, the City further argues, the lease should be held void ab initio. *Page 568 
Alabama Code (1975), § 11-47-21, provides:
 "The governing body of any city or town in this state may, by ordinance to be entered on its minutes, lease any of its real property not needed for public or municipal purposes, and a lease made by the mayor in accordance with such ordinance shall be binding for the term specified in the lease, not to exceed a period of 99 years; provided, that in counties having a population of not less than 225,000 and not more than 400,000 inhabitants according to the most recent federal decennial census, such limitation of the term to a period of 99 years shall not apply to any oil, gas or mineral lease made in accordance with such ordinance."
We find that this statute gives the City the authority to lease public property for private purposes. However, an ordinance is required to execute such a lease. This issue was presented in Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977), wherein this Court found that a city had the general authority to execute a lease for a concession stand in a public park even though it had failed to follow the procedural formalities of contract execution, which included adoption of an ordinance and execution of the contract by the mayor in the name of the city.[1]
The City contends that it cannot be estopped by a contract that it did not execute pursuant to an ordinance.
The doctrine of estoppel may apply against a municipal corporation when justice and fair play demand it. Alford v.City of Gadsden, supra; Alabama Farm Bureau Mutual CasualtyInsurance Co. v. Board of Adjustment, 470 So.2d 1234
(Ala.Civ.App. 1985).
There are two instances wherein this Court has held that estoppel cannot be applied against a municipality.
 "A municipality cannot be estopped from questioning the legality of a contract into which it had no authority to enter. City of Leeds v. Town of Moody, 294 Ala. 496, 319 So.2d 242 (1975). Nor, may the doctrine of estoppel authorize a city to do that which it has no authority to do. Id.; Board of School Commissioners of Mobile County v. Hudgens, 274 Ala. 647, 151 So.2d 247 (1963)."
Alford v. City of Gadsden, supra, at 1135.
This Court in the Alford case held that a city can be estopped to deny a contract into which it did not legally enter.
Given this, and the fact that estoppel is generally a mixed question of law and fact, we think it was proper for the trial court to submit the issue of estoppel to the jury. See ImperialGroup, Ltd. v. Lamar Corp., 347 So.2d 988 (Ala. 1977).
A jury verdict is presumed to be correct and will not be set aside unless it is without supporting evidence or is so contrary to the evidence as to be wrong and unjust. Harris v.Meadows, 477 So.2d 374 (Ala. 1985).
The evidence in this case would support a finding that the Alreds expended $55,000 to enter the lease with the City; that over the years they expended substantial sums for improvements on the property; and that, in addition, monthly rental payments were made by the Alreds and were accepted by the City from October of 1978 to the present.
We are of the opinion that there was sufficient evidence from which the jury could find that the City is estopped to deny the validity of the lease with the Alreds. Therefore, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
[1] The requirement that an ordinance be adopted was found in Code of 1940, Tit. 37, § 477 (2), which is now codified at Alabama Code (1975), § 11-47-21, and the requirement that the contract be executed in the name of the city was found in Code of 1940, Tit. 37, § 467, which is now codified at Alabama Code (1975), § 11-47-5. *Page 569