JONES, Justice.
This is an appeal from a summary judgment in favor of the Water Works and Sewer Board of the City of Prichard (“the Board”). The case arose when the Board terminated a three-year contract that it had with Layman’s Security Company (“Layman’s”), whereby Layman’s was to provide security for the Board’s plant located in Prichard. Because we find that the contract between the Board and Layman’s was not entered into in compliance with the Alabama Competitive Bid Law, Ala.Code 1975, § 41-16-50 (Supp.1988), we affirm the summary judgment.
The facts in the present case are basically undisputed. On December 1, 1985, Layman’s and the Board entered into a three-year contract in which Layman’s agreed to provide security services for the Board’s plant in Prichard, in exchange for a $1,500 per month fee and a five percent yearly increase. The contract was not entered into in compliance with the competitive bidding process outlined in the Competitive Bid Law. Layman’s performed its contractual obligations until it was notified by a letter from the Board dated March 15, 1987, that the contract was terminated as of that date.
On July 31, 1987, Layman’s filed suit, seeking damages for breach of contract. The court entered summary judgment for the Board. Layman’s appeals.
The terms-of the contract in question are unambiguous. The only issue presented is what effect, if any, is to be given a contract that falls within the scope of the Competitive Bid Law, but is not in compliance with the prescribed competitive bidding process. The Competitive Bid Law mandates that any contract for an amount in excess of $3,000 entered into by specified state or municipal governing bodies (including a water works or sewer board), shall be subject to free and open competitive bidding.
Clearly, the contract between Layman’s and the Board is one that is covered by the Competitive Bid Law. The contract was for over $3,000, and it was made by a municipal water works and sewer board. It is also undisputed that the provisions of the Competitive Bid Law were not complied with when the contract was entered into. Therefore, unless the contract falls within one of the exceptions to the Competitive Bid Law, which are enumerated in Ala. Code 1975, § 41-16-51 (Supp.1988), or it *535 can be shown that the Board should be estopped from terminating the contract, the contract between the Board and Layman’s is void.
The relevant portion of § 41-16-51 states that competitive bidding is not required for:
“(3) Contracts for the securing of services of attorneys, physicians, architects, teachers, superintendents of construction, artists, appraisers, engineers, consultants, certified public accountants, public accountants or other individuals possessing a high degree of professional skill where the personality of the individual plays a decisive part....”
Layman’s argues that the instant contract is within the language of this section; thus, it argues, summary judgment in favor of the Board was improper. It further asserts that the application of the statutory provisions calls for a factual determination that should be reserved for a jury. We disagree, and we hold that the providing of security does not constitute a service where the individual’s personality is a decisive factor. Therefore, the contract does not fall within this exception to the Competitive Bid Law.
The only remaining grounds for enforcement of the contract is the equitable doctrine of estoppel. The relationship between the use of estoppel and the Alabama Competitive Bid Law was discussed by this Court in Maintenance, Inc. v. Houston County, 438 So.2d 741 (Ala.1983). In Maintenance, this Court held that a contract between the county and a solid waste corporation was void because of a failure to comply with the Competitive Bid Law. “The failure to comply with the competitive bid law therefore renders the ¿980 contract void in accordance with Code 1975, § 41-16-51(d).” Id. at 744. The Court went on to address the estoppel issue raised by Maintenance.
“Maintenance contends that the County is estopped from denying the validity of the 1980 contract because the president of Maintenance detrimentally relied upon the assurances of the County attorney that the contract would be valid without the necessity of receiving competitive bids.
“Maintenance cannot, however, by way of estoppel, endow with validity a transaction which is illegal and against public policy. Cochran v. Ozark Country Club, Inc., 339 So.2d 1023 (Ala.1976). Where the 1980 contract between Maintenance and the County was void for noncompliance with the bid law, the principle of estoppel could not be utilized to create the contract anew. Bates v. Jim Walter Resources, Inc., 418 So.2d 903 (Ala.1982).
“Where, moreover, the legislature has expressed its public policy of voiding contracts which do not comply with the competitive bid law, we decline to expand the scope of our holding in Alford v. City of Gadsden, 349 So.2d 1132 (Ala.1977), which upheld an estoppel argument against city officials who merely failed to follow the formalities of contract execution.”

Id.

The use of estoppel to prevent a municipality from voiding a contract was later analyzed by this Court in City of Guntersville v. Alred, 495 So.2d 566 (Ala.1986). Although the Competitive Bid Law was not involved in that case, the discussion is, nonetheless, useful in the present appeal. In affirming a judgment based on a jury verdict, which had found the City estopped to deny the validity of a lease that had been entered into without compliance with the statutorily prescribed procedures, the Court stated:
“The doctrine of estoppel may apply against a municipal corporation when justice and fair play demand it. Alford v. City of Gadsden, [349 So.2d 1132 (Ala. 1977) ]; Alabama Farm Bureau Mutual Casualty Insurance Co. v. Board of Adjustment, 470 So.2d 1234 (Ala.Civ.App. 1985).”
Id. at 568.
Applying those prior decisions to this case, we hold that the judgment of the trial court is due to be affirmed. Because Layman’s presented no proof that it materially and detrimentally changed its position in reliance on the contract, estoppel will not *536 apply. While we do not condone the use of the Competitive Bid Law as a means for a party to escape liability for a contract it voluntarily entered into, we are, nonetheless, under the facts of this case, compelled to affirm the trial court’s judgment. Where a city or state agency seeks to use the Competitive Bid Law to escape contractual liability, the burden is on the opposing party, in defending against a summary judgment motion, to present evidence of material and detrimental reliance on the contract to support the application of the equitable remedy of estoppel.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.