ROBERTSON, Presiding Judge.
This is a zoning case.
The United Methodist Children’s Home (Home), a non-profit organization funded mostly by private donations and government grants, operates eight group homes for dysfunctional children throughout the state of Alabama and one group home in Pensacola, Florida. The Home’s central office is in Selma, and the group home in question in this case is located in Mobile County and is known as the Mobile group home. The Mobile group home is licensed by the Alabama Department of Human Resources as a group home, which allows them to have up to ten children residing in the home. The Mobile group home presently does not accept children who have been adjudicated delinquent or who have severe behavioral problems. Instead, it only accepts boys between the ages of twelve and eighteen years who are unable to remain in their own homes, because they have been physically or sexually abused or because of other family problems.
The Mobile group home has two sets of house parents who rotate living at the home on five- and ten-day intervals. The Mobile group home has been in operation for fifteen years, during which time it has been located in Theodore, Alabama. It is now wanting to move to a new residential location which is presently zoned R-l and which is within the city limits of the City of Mobile.
In November 1990, the Home applied to the Mobile City Planning Commission (Commission) for an amendment to the local zoning ordinance of Mobile. In its application, the Home requested that the subdivision wherein the new residence is located and which is currently zoned for use as a one-family residential area (R-l), be rezoned to R-2 with a special exception for a children’s group home. The Commission recommended to the city council that the rezoning request be granted subject to several conditions. On February 25, 1991, the Mobile City Council denied the rezoning application and left the subdivision zoned R-l. The Home did not appeal the city council’s refusal to rezone the property.
On March 5, 1991, in a separate proceeding, the Home filed an application with the Mobile Board of Zoning Adjustment (Board), petitioning for a “use variance” from the zoning ordinance. The Board sent notices to the residents of the subdivision that the Board would hold a public hearing on April 1, 1991, to consider the application for a use variance to allow a “Foster Home” in an R-l, single-family residential district. After the hearing, the Board approved the Home’s request for a use variance, subject to certain restrictive conditions.
In accordance with the zoning laws, the residents of the subdivision (neighbors) appealed the Board’s decision to the Circuit Court of Mobile County.
Following a trial de novo, the trial court entered a judgment which stated, inter alia:
“The court finds from the evidence that the [Home] presented two issues to the Board of Zoning Adjustment and, therefore, properly presented the same two issues to this court. The first issue is: will the proposed home constitute a ‘one-family dwelling’ as defined in the zoning ordinance, so that it may be properly established in an R-l zone without any variance. The second issue is: if the home will not constitute a ‘one-family dwelling,’ have the appellees proved such ‘unnecessary hardship’ as would justify a variance for this particular home.
“Addressing these two issues in reverse order, the court determines that the appellees (specifically the [Home]) have not proved such ‘unnecessary hardship’ as would justify a variance. Accordingly, that particular aspect of the application of the [Home] seeking a variance is DENIED, and judgment is en *990 tered for the appellants and against the appellees upon that aspect.
“The court finds as a matter of fact, however, that the proposed home will constitute a ‘one-family dwelling’ permitted in this subdivision under its R-l zoning. ...
[[Image here]]
“... [T]his court finds the [Home] is not due a variance but is due a declaration that the proposed home is permitted in the R-l zone.
“The court therefore ADJUDGES, DECREES, and DECLARES the home proposed by the [Home] to be a permitted use at 2502 Elma Drive in the City of Mobile, Alabama.”
Only the neighbors appeal to this court; therefore, the trial court’s denial of the Home’s request for a use variance is not an issue before us.
The neighbors’ first issue is whether the circuit court had jurisdiction to decide whether the Mobile group home constituted a “one-family dwelling” as that term is defined in the City of Mobile’s zoning ordinance.
On a de novo appeal to the circuit court from a decision of the board of adjustment, the circuit court has the same authority as that conferred on the board of adjustment; and the circuit court’s scope of inquiry is limited to only those issues which could be properly presented to the board of adjustment. Alabama Farm Bureau Mutual Casualty Insurance Co. v. Board of Adjustment, 470 So.2d 1234 (Ala.Civ.App.1985).
In § ll-52-80(d), Code 1975, the Board is given the following powers:
“(1) To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by an administrative official in the enforcement of this article or of any ordinance adopted pursuant thereto;
“(2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance; and
“(3) To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship and so that the spirit of the ordinance shall be observed and substantial justice done.” (Emphasis added.)
The neighbors argue that it is clear from the statute that the Board has original jurisdiction only to “hear and decide special exceptions to the terms of the ordinance,” and that all other matters must come before the Board by appeal. We agree. Consequently, if the “one-family dwelling” issue could not have been properly presented to the Board, then that issue could not be properly before the circuit court in this particular proceeding. Alabama Farm Bureau.
In § ll-52-80(c), Code 1975, the procedure for appeals to the Board is stated as follows:
“Appeals to the board of adjustment may be taken by any person aggrieved or by any officer, department, board or bureau of the municipality affected by any decision of the administrative officer. Such appeal shall be taken within a reasonable time, as provided by the rules of the board, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal specifying the grounds thereof. The officer from whom the appeal is taken shall transmit forthwith to the board all papers constituting the record upon which the action appealed was taken.” (Emphasis added.)
Here, the record reflects that the Home never requested any administrative officer for a decision or determination that the Mobile group home constituted a “one-family dwelling” and that the Home never filed a notice of appeal with anyone.
In its order, the trial court treated the Home’s application to the Board as a notice of appeal. The Home’s application to the Board was for a use variance, and its earlier application, which was denied by the *991 Mobile City Council, was for a zoning change from R-l to R-2. Furthermore, in its application to the Board, the Home acknowledged that the proposed use would require at minimum a zoning classification of R-2 with a special exception or an R-3 zoning.
Based on the foregoing, we hold that the “one-family dwelling” issue could not have been properly presented to the Board. Therefore, the circuit court’s scope of inquiry was limited, and the trial court lacked the authority to adjudicate the Mobile group home as a “one-family dwelling” as defined in the zoning ordinance. Alabama Farm Bureau. That part of the trial court’s order is hereby reversed and remanded.
Since this issue is dispositive of this appeal, the neighbors’ other issues are preter-mitted. We note that neither the Home nor the Board favored this court with a brief on appeal.
REVERSED AND REMANDED.
THIGPEN and RUSSELL, JJ„ concur.