CRAWLEY, Judge.
In 1987, the Town of Priceville entered into a contract with Seth Ballew, d/b/a Ballew Sanitation, for Ballew to provide garbage-collection services for residences in the town. The contract term was March 1987 through February 1990. The contract had no renewal term. During the term of the contract, the town agreed to a rate increase. At the expiration of the contract in 1990, the town and Ballew continued to operate under the contract with the increased rate. Over the next several years, the rate was increased three times. The contract was not opened for competitive bid at any time after the original contract was entered.
In 1998, Ballew sued the town, alleging that the town had breached its contract with Ballew. The town argued that the contract was void because it violated Alabama’s Competitive Bid Law, Ala.Code 1975, § 41-16-51(a)(10). The trial court entered a summary judgment for the town. Ballew appeals. We affirm.
Our review of a summary judgment is de novo, and we apply the same standard the trial court applies. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. See West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989), and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989), for further discussion of the application of the summary-judgment standard.
Ballew argues that the town should be estopped from arguing that the contract was void. He urges this court to apply the reasoning set out in Layman’s Sec. Co. v. Water Works & Sewer Bd. of the City of Prichard, 547 So.2d 533 (Ala.1989); City of Guntersville v. Alred, 495 So.2d 566 (Ala.1986); and Alford v. City of Gadsden, 349 So.2d 1132 (Ala.1977). The town argues that Maintenance, Inc. v. Houston County, 438 So.2d 741 (Ala.1983), applies and prevents the application of the doctrine of equitable estoppel.
In both Alred and Alford, the supreme court held that the doctrine of equitable estoppel could be applied against a municipality when a municipality “failed to follow the formalities of contract execution.” Maintenance, Inc., 438 So.2d at 744. Neither Alred nor Alford involved a contract entered in violation of the Competitive Bid Law. In Maintenance, Inc., however, the supreme court stated: “Where ... the legislature has expressed its public policy of voiding contracts which do not comply with the competitive bid law, we decline to expand the scope of our holding in Alford.” The court held instead that the doctrine of equitable estoppel could not be used to *1039 “create the contract anew” in a situation “[w]here the contract ... was void for noncompliance with the bid law.” Maintenance, Inc., 438 So.2d at 744.
Six years later, in Layman’s, the supreme court again considered whether a municipality could be estopped from denying the legality of a contract that was void for failure to comply with the Competitive Bid Law. Layman’s, 547 So.2d at 534-36. Although the Layman’s court quoted, the language from Maintenance, Inc., holding that the doctrine of equitable estoppel would not be applied to validate a contract that was void for noncompliahce with the Competitive Bid Law, see id. at 535, it also discussed the application of the doctrine of equitable estoppel. Id. The court affirmed a summary judgment in favor of the municipality, holding that the plaintiff “presented no proof that [the plaintiff] materially and detrimentally changed its position in reliance on the contract” and therefore had not proven that the doctrine of equitable estoppel should apply. Id. at 535-36.
Ballew urges this court to apply the rationale expressed in Layman’s and to reverse the summary judgment because, he says, he presented evidence indicating that he detrimentally relied on the contract with the town. The town, however, argues that the holding of Maintenance, Inc. prevents the doctrine of equitable es-toppel from being applied in this case. Although we are faced with two differing opinions of the supreme court, we are persuaded that the holding in Maintenance, Inc. applies. The Maintenance, Inc. court refused to expand the holding in Alford, on the basis that the legislature had enunciated a clear policy that contracts violating the Competitive Bid Law are void. Therefore, because the doctrine of equitable es-toppel cannot be used when the underlying contract is void for violating the Competitive Bid Law, the summary judgment in favor of the town is affirmed.
AFFIRMED.
THOMPSON, J., concurs.
MONROE, J., concurs in the result.
ROBERTSON, P.J., and YATES, J., dissent.