YATES, Judge,
dissenting.
The summary judgment in favor of the Town óf Priceville should be reversed and the case remanded. Therefore, I must dissent.
Judge Crawley relies on Maintenance, Inc. v. Houston County, 438 So.2d 741 (Ala.1983), to support his conclusion that the violation of the Competitive Bid Law precludes Ballew’s recovery under the contract.
However, I find the more recent case of Layman’s Security Co. v. Water Works & Sewer Bd. of the City of Prichard, 547 So.2d 533 (Ala.1989), to be controlling. In Layman’s, the contract was covered by the Competitive Bid Law and it was undisputed that the provisions of that law were not followed when the contract was entered. The supreme court specifically addressed estoppel as a defense to the contract, which had not complied with the competitive bid laws, and held that estoppel could be applied in appropriate cases. In Layman’s, the estoppel defense 'was not applicable because Layman’s failed to show detrimental reliance. The court stated:
“Because Layman’s presented no proof that it materially and detrimentally changed its position in reliance on the contract, estoppel will not apply. While we do not condone the use of the Competitive Bid Law as a means for a party to escape liability for a contract it voluntarily entered into, we are, nonetheless, under the facts of this case, compelled to affirm the trial court’s judgment.”
Id. at 535-36.
In the present case, Ballew presented substantial evidence indicating that he had performed under the contract and that he had not been fully paid. Specifically, Bal-lew presented evidence indicating that he had collected garbage from certain households, as requested by the town, but that he had not been paid for those collections. *1040 There is also a fact question as to whether the town had agreed to allow Ballew to continue to collect garbage under the contract until March 1998. Ballew also presented evidence indicating that the town deducted money from the amount it owed him when residents did not pay the town for garbage collection and that nothing in the contract provided for such a set-off. Ballew also presented evidence indicating that the town had agreed to pay him $600 for helping the new garbage collector so there would be a smooth transition of services, and that the town had not paid him.
In its brief, the town appears to be arguing that Ballew did not detrimentally rely on the contract because he did not spend substantial sums of money in order to enter into the contract and did not make substantial improvements to his business in rebanee on the contract. I do not think that Ballew had to, for example, buy additional trucks, thinking that he would continue to pick up the garbage, to show detrimental reliance. Instead, Ballew’s actual performance under the contract and the town’s failure to fully pay Ballew should be taken as such detrimental reliance that the town should be estopped from using the Competitive Bid Law to withhold payment under the contract. Accordingly, I dissent.
ROBERTSON, P.J., concurs.