Seth Ballew, d/b/a Ballew Sanitation, filed an action in the Morgan Circuit Court to recover damages against the Town of Priceville for breach of contract. The trial *Page 1041 
court entered a summary judgment for Priceville, holding that the contract between Ballew and Priceville violated Alabama's Competitive Bid Law, Ala. Code 1975, § 41-16-50, and was therefore void. Ballew appealed to the Court of Civil Appeals, which affirmed. Ballew v. Town ofPriceville, 771 So.2d 1037 (Ala.Civ.App. 1999). We granted Ballew's petition for certiorari review. We affirm.
In 1987 Ballew and Priceville entered into a contract for Ballew to provide garbage-collection services for the residents of Priceville from March 1987 through February 1990. The contract had no renewal term, but at its expiration the parties continued to operate under the terms of the original contract, except at an increased rate of compensation for Ballew. The rate was increased three more times before this conflict arose, sometime in early 1998. However, at no point after the expiration of the original contract was the contract submitted for competitive bids.
The sole issue before this Court is whether Priceville may be equitably estopped from using the Competitive Bid Law as a defense to the enforcement of the contract.
This Court reviews a summary judgment de novo, and in doing so it applies the same standard as the trial court. Bussey v. John Deere Co.,531 So.2d 860 (Ala. 1988). A summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P.
The opinion of the Court of Civil Appeals correctly pointed out that this case is governed by four earlier decisions of this Court: Alford v.City of Gadsden, 349 So.2d 1132 (Ala. 1977); Maintenance, Inc. v.Houston County, 438 So.2d 741 (Ala. 1983); City of Guntersville v. Alred,495 So.2d 566 (Ala. 1986); and Layman's Sec. Co. v. Water Works SewerBd. of the City of Prichard, 547 So.2d 533 (Ala. 1989). Ballew, 771 So.2d at 1038. In each of those cases, this Court addressed the question whether the doctrine of estoppel may be used against a municipal corporation.
Neither Alford or Alred dealt with the Competitive Bid Law; instead, each involved a situation where the contract between the parties was void because the formalities of executing the contract had not been complied with. More specifically, in each of those cases the city used a resolution to approve the contract, instead of using an ordinance, as the law required. This Court stated in each case that the doctrine of estoppel is rarely applied against a municipal corporation, but held in each case that the doctrine was appropriate. Alford, 349 So.2d at 1135-36; Alred, 495 So.2d at 568.
This Court distinguished the Alford case in Maintenance, Inc. v.Houston County, 438 So.2d 741.[1] There, Maintenance, Inc., and Houston County entered into a contract for the disposal of solid waste. When the contract expired, the parties renegotiated and signed a second contract that did not comply with the Competitive Bid Law. The County later canceled the contract, and Maintenance, Inc., sued, alleging breach of contract. In its defense, the County asserted that the contract was void because it did not comply with the Competitive Bid Law, and Maintenance, Inc., made an estoppel argument. This Court stated:
 "Maintenance cannot, however, by way of estoppel, endow with validity a transaction which is illegal and against public policy. Cochran v. Ozark Country Club, Inc., 339 So.2d 1023 (Ala. 1976). Where the [second] contract between Maintenance and the County was void *Page 1042 
for noncompliance with the bid law, the principle of estoppel could not be utilized to create the contract anew. Bates v. Jim Walter Resources, Inc., 418 So.2d 903
(Ala. 1982).
 "Where, moreover, the legislature has expressed its public policy of voiding contracts which do not comply with the competitive bid law, we decline to expand the scope of our holding in Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977), which upheld an estoppel argument against city officials who merely failed to follow the formalities of contract execution."
Maintenance, 438 So.2d at 744. Therefore, this Court expressly limited the use of the estoppel doctrine against a municipality to a situation where the contract was void as a result of a failure to comply with the formalities of execution, such as the situations in Alford andAlred.
However, the law appears to have been confused by our opinion inLayman's Security Co. That case involved a contract between Layman's Security Company and the Prichard Water Works and Sewer Board; the contract was void because it had not been entered into in compliance with the Competitive Bid Law. This Court faced the issue whether Layman's Security Company could raise the defense of estoppel. We held:
 "The use of estoppel to prevent a municipality from voiding a contract was [analyzed after the Maintenance decision] by this Court in City of Guntersville v. Alred, 495 So.2d 566 (Ala. 1986). Although the Competitive Bid Law was not involved in that case, the discussion is, nonetheless, useful in the present appeal. In affirming a judgment based on a jury verdict, which had found the City estopped to deny the validity of a lease that had been entered into without compliance with the statutorily prescribed procedures, the Court stated:
 "`The doctrine of estoppel may apply against a municipal corporation when justice and fair play demand it. Alford v. City of Gadsden, [349 So.2d 1132
(Ala. 1977)]; Alabama Farm Bureau Mutual Casualty Insurance Co. v. Board of Adjustment, 470 So.2d 1234
(Ala.Civ.App. 1985).' Id. At 568.
 "Applying those prior decisions to this case, we hold that the judgment of the trial court is due to be affirmed. Because Layman's presented no proof that it materially and detrimentally changed its position in reliance on the contract, estoppel will not apply. While we do not condone the use of the Competitive Bid Law as a means for a party to escape liability for a contract it voluntarily entered into, we are, nonetheless, under the facts of this case, compelled to affirm the trial court's judgment. Where a city or state agency seeks to use the Competitive Bid Law to escape contractual liability, the burden is on the opposing party, in defending against a summary judgment motion, to present evidence of material and detrimental reliance on the contract to support the application of the equitable remedy of estoppel."
Layman's, 547 So.2d at 535-36. While never explicitly overruling theMaintenance decision, Layman's did appear to question its reasoning, by citing Alford and Alred and discussing the merits of the question whether there was detrimental reliance on the part of Layman's. It would appear that Layman's would not be able to assert estoppel under the Maintenance
rationale, for the sole reason that the contract violated the Competitive Bid Law, and Alford, Alred, and the question of detrimental reliance would never be discussed. We reaffirm the holding in Maintenance that refused to extend the use of the doctrine of estoppel to preclude the defense of noncompliance with the Competitive Bid Law. Therefore, to the extent that Layman's conflicts with Maintenance, it is overruled, and an estoppel argument may be made only against "city officials who merely failed to follow the *Page 1043 
formalities of contract execution." Maintenance, 438 So.2d 744. In the present case, Priceville has defended Ballew's breach-of-contract claim by asserting that any contract between the parties made after February 1990 — when the original contract expired — is void because it was not open to competitive bidding, as is required by the Competitive Bid Law. Alabama's Competitive Bid Law requires that a contract that provides for the expenditure of county or municipal funds "shall be made under contractual agreement entered into by free and open competitive bidding, on sealed bids, to the lowest responsible bidder." § 41-16-50(a), Ala. Code 1975. Section 41-16-51(a)(10) provides an exception to the requirement of § 41-16-50(a) for "[e]xisting contracts up for renewal for sanitation or solid waste collection, recycling, and disposal between municipalities or counties, or both, and those providing the service." However, this exception would not apply here, because the contract between Ballew and Priceville had no renewal clause, and one of the terms of the original contract, the rate, changed four times between the time when the original contract expired and the time when this conflict arose. Therefore, the contract is void for the parties' failure to comply with the Competitive Bid Law. See § 41-16-50.
Furthermore, because the problem with this contract does not involve the formalities of contract execution, the doctrine of estoppel is not available to Ballew.
We affirm the judgment of the Court of Civil Appeals.
AFFIRMED.
Hooper, C.J., and Maddox, Cook, See, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] Maintenance did not distinguish Alred; that case was decided three years after Maintenance. However, we note that because it involved a contract that was void for failure to follow the formalities of execution, this Court had no reason in Alred to discuss Maintenance and, therefore, it did not.