Coastal Builders, Inc. ("Coastal"), sued the Board of School Commissioners of Mobile County ("the Board"), seeking to recover $38,329 in damages. Coastal claimed that it had entered into a contract with the Board for the construction of an elementary school, that in computing its bid for that contract it had inadvertently omitted the cost of a "control package," and that the Board had promised to pay for the control package or add the cost of the control package to Coastal's contract. The Board answered and denied liability. The Board filed a motion for a summary judgment, and the trial court denied that motion. Later, the Board again moved for a summary judgment.
On January 18, 2005, the parties appeared before the trial court for the scheduled trial in this matter. At the beginning of that proceeding, the trial court denied the Board's second motion for a summary judgment, and it asked counsel for Coastal why Coastal had not moved for a summary judgment. The trial court then announced its intention to enter a judgment in favor of Coastal without taking evidence in the matter.
On February 16, 2005, the trial court entered a judgment in favor of Coastal. In that judgment, the trial court stated that,
 "after having fully considered all matters in the Court file, including the two (2) motions for Summary Judgment filed by the Board and all attachments thereto filed by both the Board and Coastal Builders, [the court] deems that further testimony and evidence would not add to the Court's understanding of the facts and issues in this matter. . . ."
The Board appeals.
Initially, we note that the Board first argues that the trial court erred in refusing to allow it to present evidence at the January 18, 2005, hearing. We conclude, however, that the Board's failure to object to the trial court's decision to enter a judgment without taking evidence precludes it from now raising that issue on appeal.
In Green v. Dixon, 121 So.2d 781 (Ala. 1998), our supreme court held that a trial court could enter a summary judgment in favor of a party even though the motion for a summary judgment had been filed by the opposing party. The court explained:
 "`Even though it would be better practice for an opposing party to file a cross motion, . . . we hold that in the absence of a timely and meritorious objection, there is no reason why, upon the motion of one of the parties, the court cannot dispose of the whole matter by granting *Page 1061 
a judgment to the other party if it finds that there is not [substantial evidence] supporting the moving party's position, thus showing the non-moving party to be entitled to a judgment as a matter of law.'"
Green v. Dixon, 727 So.2d at 783 (quoting Adamv. Shelby County Comm'n, 415 So.2d 1066, 1068 (Ala. 1982)).
The trial court's February 16, 2005, judgment was, in essence, a summary judgment, or a judgment as a matter of law, in favor of Coastal. The trial court announced at the beginning of the January 18, 2005, hearing that Coastal was entitled to a judgment as a matter of law. The Board did not object to the trial court's failure to conduct an ore tenus proceeding.Wright v. State Dep't of Indus. Relations,470 So.2d 1246, 1248 (Ala.Civ.App. 1985) ("In order to preserve a matter for appeal or cross-appeal, a party must call the matter to the attention of the trial court by way of objection or other appropriate methods."). Therefore, we reach the arguments pertaining to the merits of this appeal. See Green v.Dixon, supra.
A brief recitation of the facts is all that is necessary for the disposition of this appeal. The record indicates that Coastal submitted a bid to construct a school for the Board and that, on June 27, 2001, the Board awarded the contract to construct the school to Coastal. On June 29, 2001, the parties met for a "preconstruction meeting." At the preconstruction meeting, Coastal alerted the Board to the fact that it had failed to include in its bid the $38,329 cost of the control package that was required under the contract. It is undisputed that that error was discussed at the meeting and that the parties discussed either adding the cost of the package to Coastal's bid, executing a "change order" to alter the bid, or having the Board make a direct payment to the supplier of the control package. It is undisputed that John Case, the owner of Coastal, and four of his subcontractors left the preconstruction meeting with the understanding that the problem would be remedied.
In early July 2001, Coastal signed the contract that had been submitted to it by the Board on June 27, 2001. The Board executed that contract in late July 2001. In late September 2001, the Board notified Coastal that it would not cover the cost of the control package.
The Board argues that the trial court erred in entering a judgment in favor of Coastal.[1] The Board argues that the trial court erred in concluding that the Board and Coastal had reached an agreement with regard to the control package because, it contends, such an agreement would violate the Competitive Bid Law, §§ 41-16-50 through-62, Ala. Code 1975. The Competitive Bid Law "requires that a contract [involving $7,500 or more] that provides for the expenditure of county or municipal funds `shall be made under contractual agreement entered into by free and open competitive bidding, on sealed bids, to the lowest responsible bidder.' § 41-16-50(a), Ala. Code 1975." Ex parte Ballew, 111 So.2d 1040, 1043 (Ala. 2000).
The Board relies on Ex parte Ballew, supra, in making its argument on this issue. In that case, our supreme court held that the doctrine of estoppel could not be used by a party who has a contract dispute *Page 1062 
with an entity subject to the Competitive Bid Law "to preclude the defense of non-compliance with the Competitive Bid Law." Ex parte Ballew, 771 So.2d at 1042.
The Board argues that any agreement it purported to make with regard to paying for the control package would have been subject to the Competitive Bid Law and, therefore, that such an agreement would be void and unenforceable. The evidence indicates that the Board agreed to allow Coastal to remedy its bid to encompass the cost of the control package. However, the parties failed to modify the contract awarded to Coastal, and the amount at issue was sufficient to trigger the application of the Competitive Bid Law. See § 41-16-50(a), Ala. Code 1975 (specifying that the Competitive Bid Law applies to all expenditures of $7,500 or more).
"[T]he legislative intent in passing the Competitive Bid Law was to get the best quality equipment at the lowest possible price, and the executive authorities should carry out this intent of the legislature." Arrington v. Associated GeneralContractors of America, 403 So.2d 893, 898-99 (1981) (quoting White v. McDonald Ford Tractor Co.,287 Ala. 77, 86, 248 So.2d 121, 129 (1971)). "Alabama's competitive bid provisions are designed for the public's benefit, and not for the benefit of those vying for public funds." Spring HillLighting Supply Co. v. Square D Co., 662 So.2d 1141,1151 (Ala. 1995) (Houston, J., dissenting). Even so, the courts "`do not condone the use of the Competitive Bid Law as a means for a party to escape liability for a contract it voluntarily entered into.'" Ex parte Ballew, 771 So.2d at 1042
(quoting Layman's Sec. Co. v. Water Works Sewer Bd. ofthe City of Prichard 547 So.2d 533, 536 (Ala. 1989)). However, this court is bound to apply the Competitive Bid Law and the precedents of our supreme court. See §12-3-16, Ala. Code 1975; Ex parte Ballew, supra;see also Maintenance, Inc. v. Houston County,438 So.2d 741, 744 (Ala. 1983) ("[T]he legislature has expressed its public policy of voiding contracts which do not comply with the competitive bid law."). Therefore, we must conclude that any agreement by the Board to pay for the control package is void for its failure to comply with the Competitive Bid Law. Exparte Ballew, supra. Accordingly, we must reverse the trial court's judgment in favor of Coastal.
REVERSED AND REMANDED.
PITTMAN, J., concurs.
CRAWLEY, P.J., and MURDOCK and BRYAN, JJ., concur in the result, without writing.
[1] In its brief, the Board maintains that the trial court erred in denying its motion for a summary judgment. However, the denial of a motion for a summary judgment is not appealable. Superskate, Inc. v. Nolen,641 So.2d 231, 233 (Ala. 1994); and Blanton v. Liberty Nat'l LifeIns. Co., 434 So.2d 773, 776 (Ala. 1983). We interpret the Board's argument as contesting the propriety of the trial court's judgment in favor of Coastal.