PITTMAN, Judge.
William Eric Colley appeals from a summary judgment entered by the DeKalb Circuit Court that declared “valid and enforceable” a restriction appearing on a recorded plat of the L.S. and Novie Jane Barton Subdivision (“the subdivision”) stating that “[t]his land will not be and can not be further divided into parcels of less than five acres until such lots have access to a public sewer system.” We reverse and remand.
The civil action in which the summary judgment under review was entered began in July 2007, when Ladon Willingham, who owned a lot in the subdivision, filed a complaint seeking a declaratory judgment concerning the validity and enforceability of the restriction appearing on the face of the plat; named as defendants were all the other owners of real property in the subdivision. The complaint asserted that the restriction appearing on the plat was “erroneous” because, Willingham said, the restriction was not intended as a covenant that would run with the land and that the restriction was due to be stricken because, Willingham said, other lots in the subdivision had originally encompassed less than five acres or had been resubdivided into parcels of less than five acres in contravention of the restriction. The complaint further recited that a number of owners of lots in the subdivision had executed documents waiving service of process and consenting to a judgment in Willingham’s favor, including Colley.
After the complaint was filed, certain other owners of lots in the subdivision who had been named as defendants in the action executed documents waiving service of process and consenting to a judgment in Willingham’s favor; those defendants were dismissed as parties. Other owners named as defendants were determined to be in default for having failed to respond to the complaint. However, a number of defendants filed answers objecting to the relief that Willingham had sought. Among those objecting defendants were the parties that have filed an appellees’ brief in this appeal: Martha Wood; Peter Wood; E. Lamar Thomas; Carol Thomas; Edward H. Buelow, Jr.; Charlotte Boatright; James Baker; Margaret Baker; Richard *336 E. Preziosi; Carole S. Preziosi; Alesia Justice; Edward Dempsey Millican; Ronald Merrill; and Marsha Merrill.[1]
In September 2007, Willingham moved to set the case for a final hearing, averring that service would be complete upon the remaining unserved defendants by October 2007. The trial court granted that motion and set the case for a final hearing that ultimately took place on November 28, 2007. At that hearing, only Willingham, Peter Wood, counsel for Willingham and for Wood, and three other owners of lots in the subdivision appeared. The trial court entered a judgment after that hearing (but on the same date), opining, in pertinent part, that, although “the plat restriction ha[d] neither been observed nor enforced” and although “various lots ha[d] been subdivided in apparent contravention of [the] plat restriction since 1983,” the restriction was “valid and enforceable”; the trial court also ruled that “[n]o parcel” in the subdivision “shall henceforth be further subdivided into parcels of less than five acres until such lots have access to a public sewer system.” Colley and three other owners of lots in the subdivision (who were, at all times, represented by counsel other than Willingham’s counsel) timely filed a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., in which they averred that the judgment had been entered without a trial and without consulting all owners of subdivision lots; the trial court, after a hearing, granted that motion, vacated its judgment on March 12, 2008, and set the case for a new final hearing.
In October 2008, Willingham filed an amended complaint adding certain owners of lots in the subdivision as additional plaintiffs and other owners as “necessary defendants,” but otherwise he did not significantly alter the substantive allegations he had made in the original complaint. A number of objecting defendants filed an answer to the amended complaint asserting, among other affirmative defenses, that the claims of the plaintiffs were barred by the “rule of repose.” Those objecting defendants then filed a summary-judgment motion, attaching as exhibits copies of the original and amended complaints, the recorded subdivision plat, and an affidavit of Peter Wood; the movants asserted in their supporting brief that the rule of repose barred the plaintiffs’ claims because the plat had been recorded over 20 years before the action seeking reformation of the plat was brought by Willingham. Before that motion could be heard, however, the trial judge recused himself, and the case was reassigned; orders were thereafter entered aligning Colley and certain other owners of lots in the subdivision as plaintiffs rather than defendants.
In May 2010, the plaintiffs represented by Willingham’s counsel filed a motion seeking a summary judgment “reforming the subdivision plat of the Burton subdivision, striking and removing the restrictive notation from the subdivision plat of the Burton subdivision, and adjudging such notation to be null and void.” That motion was supported by the recorded plat; by copies of deeds to a number of the subdivision lots; and by affidavits given by a surveyor, a manager of a developer of two of the subdivision lots, one of the original grantors of the subdivision, the president of the auction house that had conducted the 1983 auction of the subdivision lots, and a spectator at that auction. Those *337 plaintiffs’ brief posited (a) that the plat restriction was ambiguous; (b) that the pertinent deeds did not specifically incorporate the restriction; (c) that the doctrine of relative hardship required that the restriction not be prospectively enforced; (d) that the objecting defendants’ position was barred by principles of equitable estoppel and/or by the rule of repose; and (e) that changes in conditions in the subdivision warranted a conclusion that the original purpose of the restriction could no longer be served. The plaintiffs represented by Willingham’s counsel and Colley also filed a response in opposition to the objecting defendants’ summary-judgment motion; that response largely reiterated the arguments in the plaintiffs’ summary-judgment motion, but it additionally contended that the objecting defendants had recognized the existence of the plaintiffs’ claim so as to toll the rule of repose. The objecting defendants filed a response in opposition to the plaintiffs’ motion, attaching certificates of title issued to the purchasers of the subdivision lots at the 1983 auction as well as affidavits tending to show that the original subdivision owners were counseled by their predecessor in title to restrict resubdivision of the platted lots and that the resubdivision restriction appearing on the plat was publicized at the 1983 auction.
After a hearing on the summary-judgment motions, the successor trial judge entered a judgment on March 8, 2011, largely mirroring the operative provisions of the November 28, 2007, judgment entered by the original trial judge — the plat restriction was adjudged “valid and enforceable” notwithstanding that the restriction “ha[d] not been generally observed nor enforced” and that “lots ha[d] been subdivided in apparent contravention of [the] plat restriction since 1983,” and it was ordered that “[n]o parcel” in the subdivision “shall henceforth be further subdivided into parcels of less than five acres unless such lots have access to a public sewer system.” Colley (subsequently joined by one other owner of a lot in the subdivision) filed a postjudgment motion attacking the propriety of the summary judgment; that motion was denied by operation of law 90 days after its filing date (see Rule 59.1, Ala. R. Civ. P.). Colley appealed from the March 8, 2011, summary judgment to ' our supreme court, which transferred that appeal to this court pursuant to Ala.Code 1975, § 12-2-7(6).
“ ‘A motion for a summary judgment is properly granted where no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. “When the movant makes a prima facie showing that those two conditions are satisfied, the burden shifts to the nonmovant to present ‘substantial evidence’ creating a genuine issue of material fact.” “Substantial evidence” is “evidence of such a weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” In reviewing a summary judgment, this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts concerning the existence of a genuine issue of material fact against the movant.’ ”
Hankins v. Crane, 979 So.2d 801, 807 (Ala. Civ.App.2007) (citations omitted; quoting Stockton v. CKPD Dev. Co., 936 So.2d 1065, 1073-74 (Ala.Civ.App.2005), quoting in turn earlier cases).
Colley’s brief raises three issues, the first of which we deem dispositive, ie., whether the trial court improperly granted relief that was not requested by the parties to the substantive prejudice of Colley. The procedural posture of the case when the trial court issued its March 8, 2011, judgment must be kept in mind: the ob- *338 jeeting defendants had filed a summary-judgment motion asserting that the plaintiffs’ action was, in its entirety, barred by the rule of repose, and the plaintiffs represented by counsel for Willingham had filed a motion for a summary judgment in their favor seeking the full measure of the relief requested in their complaint as amended.[2] At no time did the objecting defendants make a showing that “the nonmoving party’s case suffer[ed] an evidentiary failure,” Rector v. Better Houses, Inc., 820 So.2d 75, 80 (Ala.2001), except as to the issue of the timeliness of the complaint. Thus, like the moving defendant in Rector, the objecting defendants in this case “did not direct any argument to a relevant failure of evidence” (id.) so as to invite the trial court’s venturing into the areas of substantive property law upon which its summary judgment necessarily touched and concerned, ie., the validity vel non of the plat restriction and its enforceability as to future resubdivision of the lots in the subdivision at issue, as opposed to deciding whether the rule of repose warranted denial of all the relief requested in the complaint. Because the entry of a “summary judgment for a failure of proof not asserted by the motion for summary judgment is inappropriate,” Tanner v. State Farm Fire & Cas. Co., 874 So.2d 1058, 1067-68 n. 3 (Ala.2003), and because the trial court did not affirmatively determine from the parties’ evidentiary submissions that the action was barred by the rule of repose as a matter of law, we conclude that the judgment under review was not responsive to the summary-judgment motions filed by the contending parties.
We reverse the trial court’s summary judgment and remand the cause for further proceedings. On remand, and after the issuance of this court’s certifícate of judgment, the trial court is to (a) determine whether to grant or to deny the objecting defendants’ summary-judgment motion raising the rule of repose as a defense to the action as a whole; (b) determine whether to grant or to deny the summary-judgment motion filed by the plaintiffs represented by Willingham’s counsel seeking a judgment as a matter of law as to their claim seeking nullification of the plat restriction; and (c) schedule a trial on the merits if both motions are denied. Our mandate should not be construed as expressing any opinion regarding the existence of any questions of material fact or any party’s entitlement to a judgment as a matter of law.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and MOORE, J., concur.
BRYAN and THOMAS, JJ., concur in the result, without writings.

. To more accurately reflect the true adversaries involved, we have restyled the appeal to list Martha Wood as the first named appellee instead of Noah Bess, who was named as the principal appellee in the notice of appeal; although Bess was the first defendant listed in the complaint, he was later dismissed as a party after having filed an answer waiving service of process and consenting to the relief sought in the complaint.

. To the extent that Colley's brief can be read as requesting this court to direct the trial court to grant the plaintiffs’ summary-judgment motion, we note that it does not appear from the record that Colley himself moved for the entry of a summary judgment so as to have been aggrieved by the trial court's failure to grant that motion. "[W]hen an error applies only to a party who does not appeal therefrom, another party cannot make any such error an issue on appeal.” Sho-Me Motor Lodges, Inc. v. Jehle-Slauson Constr. Co., 466 So.2d 83, 88 (Ala.1985). Further, as we noted in Board of School Commissioners of Mobile County v. Coastal Builders, Inc., 945 So.2d 1059, 1061 n. 1 (Ala.Civ.App.2005), "the denial of a motion for a summary judgment is not appealable.” Compare Thompson Props, v. Birmingham Hide & Tallow Co., 839 So.2d 629, 634 (Ala.2002) (recognizing exception to nonreviewability rule when "permission [is] obtained pursuant to Rule 5, Ala. R.App. P." — a rule that does not apply to this court).