From a judgment declaring that Winston County Road 12-B is a public road and ordering Dr. Eugene A. Bownes to remove any and all obstructions from that road, Dr. Bownes appeals. We reverse and remand.
On February 28, 1964, a quitclaim deed was given to Leonard Farley (Dr. Bownes's predecessor in title) to "All that part of the old right of way of Arley-Trade Road across the SW of the SW in Section 26, Township 11, Range 6. Said road has now been abandoned and this conveyance is for the purpose of conveying said right of way back to the adjoining landowner."
The grantor in the deed was the "The Board of Revenue of Winston County." *Page 363 
The deed was signed by the chairman (Malcolm Clyde Teas) and two members (Erbie E. Stephens and Claude F. Watts) of the Winston County Board of Revenue. Under the signatures was typed "The Winston County Board of Revenue, Governing Body of Winston Co."
The pertinent part of the acknowledgment was: "that Clyde Teas, Chairman, Erbie Stephens and Claude Watts, members, whose names are signed to the foregoing conveyance and who are known to me acknowledged before me on this day that being informed of the contents of the conveyance they executed the same voluntarily on the day the same bears date."
The deed was filed for record and recorded in the Probate Office of Winston County on February 28, 1964.
On March 30, 1982, this suit was filed by "Winston County, a political subdivision of the State of Alabama," alleging in essence that the right-of-way described in the foregoing deed had not been abandoned and had continuously been used as a public road and seeking an injunction to keep Dr. Bownes from placing an obstruction in the form of a gate across this road.
Farley had conveyed to Dr. Bownes and his wife that portion of the SW 1/4 of the SW 1/4, Section 26, Township 11, Range 6, west of the 510-foot elevation contour line of Lewis Smith Lake by a warranty deed in 1971. The above described right-of-way was not excepted from this conveyance, nor was the conveyance made subject to such right-of-way. In 1975, Farley executed a quitclaim deed to Dr. Bownes and his wife to the exact property which had been quitclaimed to Farley by the quitclaim deed hereinbefore described.
At the time the 1964 quitclaim deed was executed by the Chairman and members of the Board of Revenue of Winston County, Act No. 326, Acts of Alabama 1959, was the local act governing the authority of the Board of Revenue of that county. The pertinent part of this Act provided: "The Board of Revenue shall have and exercise all of the jurisdiction, power, and authority which are now or may hereafter be invested in the Courts of County Commissioners, Boards of Revenue, and other like County Governing Bodies in Alabama." This was subject to certain limitations insofar as construction, maintenance, and repair of roads, bridges, and ferries were concerned.
"The ancient maxim, `once a highway, always a highway,' which has frequently been quoted by the Courts, is subject to the qualification that a highway, once established, continues until it ceases to be such by the action of the general public in no longer traveling upon it, or by action of the public authorities in formally closing it. Accordingly, a highway once in existence is presumed to continue until it ceases to be such, owing to abandonment or some other lawful cause." 39 Am.Jur.2d Highways, Streets and Bridges, § 139 at 512-13 (1968).
In Alabama, public streets, alleys, or highways can be closed and vacated by counties or municipalities in accordance with §§23-4-1 through 23-4-6, Code 1975, or by "abutting landowners" in accordance with § 23-4-20, Code 1975. These sections have been expanded by § 11-49-6, Code 1975, (1985 Cum.Supp.) which authorizes the governing body of the governmental entity in which the public way is located to require the landowner who will benefit by the vacation of such public way to pay the fair market value of the land which will be added to the holdings of such landowner.
There is a common law prohibition against the vacation of public ways. Booth v. Montrose Cemetery Association,387 So.2d 774 (Ala. 1980). Therefore, the vacation statutes are in derogation of the common law prohibition against the vacation of public ways and must be strictly construed. Gwin v. BristolSteel Iron Works, Inc., 366 So.2d 692 (Ala. 1978).
Section 11-14-2, Code 1975, does not give to the county commission an additional method of vacating streets, alleys, or highways. Smith v. Duke, 257 Ala. 86, 57 So.2d 550 (1952). It provides only that the county commission may "direct the disposal of any real property which can be lawfully *Page 364 
disposed of." Streets, alleys, and highways cannot be lawfully disposed of unless they are closed or vacated in accordance with the vacation statutes previously cited.
A public way or easement of passage which the public has in respect to a highway may be abandoned and thus lose its public character in one of two ways. Non-use for a period of 20 years will operate as a discontinuance of a public road. Likewise, there can be an abandonment by non-use for a period short of the time of prescription when there has been the construction of a new highway replacing an old road. Floyd v. IndustrialDevelopment Board of Dothan, 442 So.2d 927 (Ala. 1983).
This case was submitted to the trial court without an evidentiary hearing, but on trial briefs which contain some facts which were agreed to by the parties and some facts which were in dispute. Where the evidence is stipulated, and no testimony is presented orally before the trial court, this Court will review without any presumption in favor of the trial court's findings and sit in judgment on the evidence. Perdue v.Roberts, 294 Ala. 194, 314 So.2d 280 (1975); Sheehan v. LibertyMutual Fire Insurance Co., 288 Ala. 137, 258 So.2d 719 (1972).
The 1964 quitclaim deed from the Board of Revenue of Winston County to Leonard Farley, which was submitted by Dr. Bownes, established that the Arley-Trade Road (Winston County Road 12-B) was, at one time, a public road. Although he introduced no evidence tending to show that the County Commission complied with the statutory method of vacation, the 1964 deed did contain an acknowledgment by the Board of Revenue that "Said road has now been abandoned." The County merely argued in its trial brief, without supporting evidence, that the road in question had not been abandoned. Therefore, we hold that the evidence which was stipulated to by the parties (i.e., the quitclaim deeds from the Board of Revenue of Winston County to Leonard Farley and from Farley to Dr. Bownes) fails to support the material allegations upon which the suit is based.
The judgment of the trial court is reversed and the cause remanded.
REVERSED AND REMANDED.
FAULKNER, JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., and MADDOX and ALMON, JJ., dissent.