INGRAM, Judge.
On May 8, 1986, Mary B. Mathers filed an appeal in the circuit court of Mobile County from the final decision of the Policemen and Firefighters Pension and Relief Fund Board (Board) denying her credit toward a pension from the fund for three years’ and two months’ work in other city departments prior to her transfer to the Mobile Police Department. Upon Ms. Mathers’s motion for summary judgment, the trial court, on October 22,1987, entered an order granting the summary judgment and ordering that Ms. Mathers receive credit toward her pension for the time worked in other departments. The Board appeals.
The issue on appeal is whether the trial court’s grant of summary judgment was proper.
The record reveals that before Ms. Math-ers accepted the position with the Mobile Police Department, she was assured by Major Botta, assistant police chief, and Richard Smith, city clerk and secretary of the Board, that the period of three years and two months she worked with other departments with the City of Mobile would be credited toward her retirement. Ms. Math-ers’s acceptance of the transfer was based on these representations. After accepting the job, Ms. Mathers discovered that the Board refused to credit the time she previously worked for the city to her retirement.
Summary judgment is proper when there is no genuine issue of material fact and the *1110 moving party is entitled to a judgment as a matter of law. Town of Mulga v. Town of Maytown, 502 So.2d 731 (Ala.1987). In the case at hand, both parties agreed that there were no factual disputes; thus the question turns on a matter of law.
Appellant argues that summary judgment in favor of Ms. Mathers was improper, first, because neither Major Botta nor Richard Smith, as city clerk and Board secretary, had authority to bind the Board, and secondly, even if such authority did exist, the law of estoppel would not apply to a public body such as this Board.
In considering the first question, our search of the record fails to reveal evidence that either Major Botta or Richard Smith possessed express or implied authority to bind the Board by their expressions to Ms. Mathers. In view of such lack of authority, we conclude that it is unnecessary to consider the estoppel question.
This case is reversed and remanded to the trial court. .
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.