Plaintiffs, Roy Phillip Barber and Carol Barber, own land bordered by that of defendants, Huron Anderson and Janice Anderson. The southeast portion, approximately 10 acres, of the Barbers' property is isolated from the remainder of their property by the Yellow River and by Long Branch Creek. The Andersons' property lies to the east of this tract. The Barbers alleged that the Andersons were obstructing a public road across their property which was the only means of access to the *Page 1297 
Barbers' 10 acres. The complaint alleged that the obstruction was a nuisance and sought an injunction, an abatement of the nuisance, and damages. The case was tried before a jury, which rendered a verdict for the Andersons, denying all relief. The Barbers appeal from the judgment on that verdict.
The evidence tended to show that at one time a road ran from property to the east of that now owned by the Andersons, crossed the Andersons' property and the southeast 10 acres of the Barbers' property, crossed the Yellow River by a bridge that existed in the 1950's, and continued to a county road bordering the Barbers' property on the west. All of the Barbers' claims and arguments are dependent upon the assertion that this road was a public road. They did not seek a declaration that they had or were entitled to an easement across the Andersons' property.
There was evidence tending to show that the county built a bridge over the Yellow River in the early 1950's. That first bridge was washed away about 1954. A second bridge was built, but the evidence was inconclusive as to whether the county or the owners of the property built the second bridge. At any rate, that bridge was washed away by 1959. Although there was some evidence that the county maintained the portion of the road over the Andersons' property after 1959, that evidence was contradicted by a great deal of evidence to the contrary, chiefly from county officials and employees having authority over roads in the area in the 1960's and 1970's, who testified that they had no knowledge of the road in question as a county road. A county map from 1962 did not show the road on the property now owned by the Andersons. Most of the witnesses who testified to having used the road referred to it as a field road. There was testimony from which the jury could have found that the road had not been used by the general public, at least after the second bridge washed away.
A public road may be abandoned and thus lose its public character by non-use by the general public for a period of 20 years. Bownes v. Winston County, 481 So.2d 362 (Ala. 1985);Walker v. Winston County Comm'n, 474 So.2d 1116 (Ala. 1985);Floyd v. Industrial Development Bd. of Dothan, 442 So.2d 927
(Ala. 1983); Purvis v. Busey, 260 Ala. 373, 71 So.2d 18 (1954). There was evidence in this case from which the jury could have concluded that the road, if it ever was a public road, was abandoned as such either when the first bridge washed out or when the second bridge washed out, the latter event being no later than 1959.
The Anderson's answer included the defense that
 "no vestige of a 'County Road' has existed since 1954 nor has the County of Covington maintained or attempted to maintain any such County road since 1954, but on the contrary the County of Covington, State of Alabama, abandoned any such 'logging trail' on [sic] or about 1954."
They also filed an amended answer raising the following defense:
 "The county road alleged to be a county road in Plaintiffs' complaint was abandoned and lost its public character, if indeed it was ever a county road or had a public character, by non use for a period of twenty years prior to the filing of this civil action on August 26, 1983."
The portion of the record setting forth the trial court's charge to the jury is incomplete, but the portion before us makes it clear that the court instructed the jury in this respect:
 "When you go back to the jury room and discuss the evidence and make your determination of the facts, if you determine from the evidence that there was never a public road in the area alleged to have once been a public road, your deliberations would stop at that point. You would go no further. You would simply return a verdict in favor of the Defendants. If you find that there was once a public road there, but that it had been abandoned as I have mentioned to you before and was no longer a public road at the time that the alleged barricades were put up, that would end your deliberations. *Page 1298 
You would go no further than that after having first found it to be a public road and then abandoned. And if you find that it was a public road and was not abandoned within the prescriptive period and you further find that the Defendants obstructed the road by placing barricades in it, and if you further find that that obstruction was a nuisance and caused them mental anguish, then you would proceed to assess damages."
The Barbers raise the following issues: that the verdict is not supported by the substantial weight of the evidence; that the trial court erred in not allowing them to submit evidence as to the profits lost from their nursery business; that the trial court erred in dismissing their count alleging deliberate, wanton, and outrageous conduct; and that the trial court erred in failing to give certain requested jury instructions. The first of these issues has been answered by the discussion above, showing that there was substantial evidence from which the jury could have reached its verdict. The second issue, as to damages awardable, is moot, because of the jury's verdict that the Barbers were not entitled to any damages. The third issue is also moot; if the Andersons did not interfere with a public road or create a nuisance, they could not have wantonly done so.
Nor does the fourth issue, regarding requested jury instructions, raise any reversible error. The requested instructions numbered 2, 3, 4, and 6 relate to the measurement of damages, and the refusal to give them does not present reversible error because the jury found that the Andersons were not liable for any damages. McCullough v. L N R.R.,396 So.2d 683 (Ala. 1981); Crawford Coal Co. v. Stephens, 382 So.2d 536
(Ala. 1980); Millsap v. Williamson, 294 Ala. 634, 320 So.2d 649
(1975). Requested instruction number 5 reads as follows:
 "I charge you ladies and gentlemen that if you find from the evidence that the Plaintiffs are owners of a tract or body of land, no part of which tract or body of land is adjacent or contiguous to any public road or highway, then they are entitled to have and acquire a convenient right-of-way, not exceeding thirty (30) feet in width, over the lands intervening and lying between such tract or body of land and the public road nearest or most convenient thereto."
This requested instruction relies upon a theory of relief that was not raised in the pleadings or the trial of the case. Therefore, the trial court did not err in refusing it.Alabama Music Co. v. Nelson, 282 Ala. 517, 213 So.2d 250
(1968); Campbell v. Davis, 274 Ala. 555, 150 So.2d 187 (1962).
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.