The facts of this case are succinctly stated in the order of the trial court, which this Court adopts as follows:
 "The Appellant, Mary B. Mathers, filed a motion for summary judgment on July 13, 1987, on her complaint filed May 8, 1986. The complaint was an appeal from *Page 1111 
a final decision of the Policemen Firefighters Pension and Relief Fund Board rendered on April 29, 1986. That decision denied the Appellant credit for three (3) years' and two (2) months' work in other city departments prior to accepting a promotion and transfer to the Mobile Police Department.
 "Before Mary Mathers, Appellant, accepted the promotion and transfer, the Appellant was assured by Assistant Police Chief [James A.] Botta and Richard Smith, Secretary of the Policemen 
Firefighters Pension and Relief Fund Board that the three (3) years and two (2) months period working with the City of Mobile would be credited towards her retirement. On the basis of these representations, the Appellant accepted the promotion and transfer.
 "Subsequent to accepting the job, Appellant discovered that the Policemen Firefighters Pension and Relief Fund Board did not and refused to credit Appellant's three (3) years' and two (2) months' work in other city departments to the retirement fund. Appellant has knowledge of two other secretaries that the Board has given retirement credit for work in other city departments. Those employees which received credit for work in other city departments were Ms. Martha Chance, Ms. Loreen Carter and certain policemen from other municipalities.
 "Counsel for both parties agreed that there were no factual disputes and the case should be decided by the Court as a matter of law."
The trial court, after considering the affidavits submitted by the parties, granted summary judgment in favor of plaintiff. On appeal to the Court of Civil Appeals, 541 So.2d 1109, that court reversed and rendered a judgment for the Board, holding that neither of the principals who purported to act for the Board were shown to have authority to act for the Board, and that the law of estoppel would not apply so as to make the Board liable. We reverse and remand.
In Mobile County Gas District v. Mobile Gas Service Corp.,284 Ala. 664, 227 So.2d 565 (1969), this Court commented upon the necessity for consistency in the rulings of administrative bodies and upon the results of their inconsistency:
 "We agree that it is essential that administrative rulings be consistent and that a radical departure from established interpretation and practice cannot be made except for compelling reasons. To act in one manner in one case and the opposite manner in another case, where the circumstances are the same in all material respects, would be to act arbitrarily or, at best, unreasonably."
Since the evidence before the trial court establishes that the Board itself had on several other occasions acted contrary to its position here, the decision complained about was both arbitrary and unreasonable. United States Const., Amend. XIV.
Moreover, the Board is estopped to deny that it has the authority to grant the credit sued for, or to deny that its Board secretary, Richard L. Smith, and acting chairman, Police Chief Robinson, who assured Major Botta that Mathers's benefit would indeed transfer, had the authority to bind the Board.Ex parte Four Seasons, Ltd., 450 So.2d 110 (Ala. 1984); Alfordv. City of Gadsden, 349 So.2d 1132 (Ala. 1977). Rushing v. Cityof Georgiana, 374 So.2d 253 (Ala. 1979), is distinguishable on its facts.
The judgment of the Court of Civil Appeals is reversed, and this case is remanded to that court for an order consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ.
TORBERT, C.J., not sitting. *Page 1112