RUSSELL, Judge.
Gus and Maria Kanellis (appellees) filed an action in the Circuit Court of Jefferson County pursuant to § 35-2-58, Ala. Code 1975. They sought an order compelling the City of Hoover (appellant) to consent to the vacation of a dedicated alley abutting property owned by the appellees.
Roy and Nancy Johnson also owned property abutting the alley. In May 1986, both the appellees and the Johnsons petitioned the City of Hoover to vacate the alley pursuant to § 23-4-20(a), Ala. Code 1975. That request was denied.
Following that denial, the appellees filed an action in the circuit court. The John-sons did not join in that action. They were, however, named as defendants by the ap-pellees, although the record reveals that service upon them was never properly effected and that they did not make an appearance at trial.
In response to the appellees’ complaint, the appellant filed a motion to dismiss the action, asserting the absence of necessary and indispensable parties and the absence of an agreement to vacate the alley by all of the parties who would otherwise be adversely affected by such action. That motion was denied, and the appellees were permitted to amend their complaint to include Luke Atkinson, who is also a party to this appeal, as a defendant.
Following an ore tenus hearing, the trial court entered an order dated April 17, 1990, which ordered that the City of Hoover vacate the alley. This appeal followed.
Initially, we note that § 35-2-58 provides in pertinent part:
“The circuit courts of this state shall have jurisdiction and power to vacate and annul any map, plat or survey of lands, or any streets, alleys, avenues or roads ... upon the filing of a civil action by any person or persons owning any of the lots, parcels or tracts of land abutting such roads, streets or alleys sought to be vacated or annulled. Unless the owners of all the lots or parcels of land so abutting upon the roads, streets or alleys sought to be vacated join as plaintiffs, the owners and claimants of such other lots or parcels of land abutting upon the roads, streets or alleys sought to be vacated shall be made parties defendant. ...”
(Emphasis supplied.)
At trial, the appellees contended that the Johnsons were the only other abutting property owners and that they had joined in a petition to vacate the alley that was filed with the City of Hoover. That petition, however, was filed pursuant to § 23-4-20(a). We note that, apparently, no appeal was filed from the denial of that petition. Rather, the appellees filed a new and separate action in the circuit court pursuant to § 35-2-58.
Although the Johnsons were named as parties defendant in the complaint filed by the appellees, no service of process was effected upon them. The law is well settled that the provisions governing vacation must be strictly construed. Bownes v. Winston County, 481 So.2d 362 (Ala.1985). Our interpretation of the above quoted statute leads us to conclude that, as the only other abutting property owners, the Johnsons were indispensable parties to this *852 action pursuant to Rule 19, Alabama Rules of Civil Procedure.
Consequently, we find that the decision of the circuit court is due to be reversed and the case remanded with instructions for that court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.