This case is before this Court for the second time. The background is set out in Holland v. City of Alabaster,566 So.2d 224 (Ala. 1990). This case involves a road in the City of Pelham, located in Shelby County, Alabama. The unnamed road connects the end of County Road 64 in the City of Alabaster to the end of Keystone Street in the City of Pelham. Sherman Holland, Jr., executed a petition for declaration of vacation of that portion of the road running through his land. After Pelham passed a resolution assenting to the vacation of that road, Holland blocked access to the road.
The neighboring landowner, Kathleen Hill, and the neighboring city, Alabaster, sued Holland, whose property abutted both sides of the road. Hill requested an abatement of an alleged nuisance and sought damages, contending that Holland's blocking of the road devalued her property by $11,600, because of inconvenience and loss of utility. Alabaster's claim was for the abatement of an alleged public nuisance, i.e., Holland's blocking of the road. Holland, 566 So.2d 224. The trial court, sitting without a jury, entered a judgment ordering the abatement of a public nuisance, but held that the private nuisance claim was without merit. This Court reversed because of the nonjoinder of a necessary party, the City of Pelham. See566 So.2d 224.
Hill and Alabaster then filed an amended complaint, adding Pelham as a party defendant. The case was submitted to the trial court on the previous record and on a viewing of the road by the trial judge. The trial court found that there was no merit to Hill's private nuisance claim. The trial court further found that there was no public necessity to close the road and that the closing of the road was a public nuisance. The trial court ordered Holland to remove any obstructions to the road.
In the present appeal, Holland argues that the trial court erred in voiding the City of Pelham's assent to vacate the road when there was no showing of fraud or corruption. Holland contends that cases involving "the action of a county governing body in the exercise of discretionary powers vested in it is not subject to judicial review except for fraud, corruption or unfair dealing." Bentley v. County Commission for RussellCounty, *Page 1378 264 Ala. 106, 109, 84 So.2d 490, 493 (1955). We disagree.
Holland's petition for a declaration of vacation of the road was made pursuant to § 23-4-20, Ala. Code 1975:
 "(a) Any street or alley may be vacated, in whole or in part, by the owner or owners of the land abutting the street or alley or abutting that portion of the street or alley desired to be vacated . . . [by] written instrument to be executed, acknowledged and recorded in like manner as conveyances of land . . .; provided, that if any such street or alley is within the limits of any municipality, the assent to such vacation of the city council or other governing body must be procured. . . . Such vacation shall not deprive other property owners of such right as they may have to convenient and reasonable means of ingress and egress to and from their property, and if such right is not afforded by the remaining streets and alleys, another street or alley affording such right must be dedicated."
When a city is vacating a street, a resolution of assent is not sufficient unless it follows all the requirements of the statute. Bragg Apartments, Inc. v. City of Montgomery, 281 Ala. 253, 201 So.2d 510 (1967). There is a common law prohibition against the vacation of public ways. Therefore, the vacation statutes are in derogation of the common law and must be strictly construed. Bownes v. Winston County, 481 So.2d 362
(Ala. 1985).
The constitutional guarantee of due process requires that vacation statutes "will be interpreted to protect the property interests of non-consenting property owners affected by the proposed closing, subject only to the rule of remoteness."Gwin v. Bristol Steel Iron Works, Inc., 366 So.2d 692
(Ala. 1978). Any private right of abutting owners is entirely and completely subordinate to the public right, and any invasion of the street in the way of private use can be justified only on the ground of public necessity. Thetford v.Town of Cloverdale, 217 Ala. 241, 115 So. 165 (1927).
In McPhillips v. Brodbeck, 289 Ala. 148, 266 So.2d 592
(1972), the trial court set aside a street vacation that had been assented to by the county commission. Affirming, this Court stated:
 "Nor are we here dealing with a vacation of a street initiated by public authority to better serve the public interest where the rule of public necessity must override private convenience, but on the contrary we deal with a statutory provision whereby private interests may under prescribed circumstances deprive others of the use of a portion of an existing street in order to further the personal desires of such private interests. Such a statute should be strictly construed so that it not be an agency for oppression or misuse. The fact that sanction by governmental authority was necessary for the vacation to be effective does not change its nature."
289 Ala. at 154, 266 So.2d at 598.
In Williams v. Norton, 399 So.2d 828 (Ala. 1981), this Court noted that the vacation of the road did not serve the interest of either the public or the abutting land owners, but instead served only the personal and individual interests of the owners who declared the road to be vacated. The record in this case shows that the only complaints about the road came from Holland and that the closing of the road created traffic problems from adjoining roads. The subsequent assent to the vacation of the road by Pelham does not justify the vacation of the road when there was no public necessity.
Based on the foregoing, the judgment of the trial court is affirmed. The other arguments presented on appeal are without merit.
AFFIRMED.
MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur. *Page 1379