942 So.2d 850 (2006)
Arthur Lee PERKINS et al.
v.
SHELBY COUNTY.
2040409.
Court of Civil Appeals of Alabama.
May 12, 2006.
Orrin R. Ford, Birmingham, for appellants Arthur Lee Perkins, Vicki Perkins, Robert Perkins, and Gail Perkins.
Andrew Dean McConatha, Sylacauga, for appellant Talladega County Economic Development Authority.
Frank C. Ellis, Jr., of Wallace, Ellis, Fowler & Head, Columbiana, for appellee.
PER CURIAM.
Arthur Lee Perkins, Vicki Perkins, Robert Perkins, Gail Perkins (hereinafter collectively referred to as "the Perkinses"), and the Talladega County Economic Development Authority ("the TCEDA") filed an action against Shelby County in which they sought a judgment declaring the Perkinses' rights in certain property purportedly transferred to the Perkinses' predecessors in interest by Shelby County. Shelby County answered and counterclaimed.
Shelby County filed a motion for a summary judgment, and the Perkinses and the TCEDA (hereinafter collectively referred to as "the plaintiffs") also moved for a summary judgment. The parties filed a stipulation of facts, and they agreed that "the [trial court] could consider the Stipulation of Facts and the Motions for a Summary Judgment and rule upon the same." On November 19, 2004, the trial court entered an order in which it granted Shelby County's motion for a summary judgment and denied the plaintiffs' motion for a summary judgment. The plaintiffs timely appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In 1960, the Perkinses' predecessors in interest, Solly H. Perkins, Jr., and his wife, Pearl Helen Perkins, executed a deed in favor of Shelby County that conveyed to Shelby County a 40-foot-wide right-of-way across their farm. The right-of-way extended eastward across Solly and Pearl's land from Highway 28 to the west bank of the Coosa River. Shelby County paved the right-of-way and used it as a public road to connect Highway 28 to the west bank of the Coosa River; Shelby County also constructed a docking ramp on the property to accommodate a river ferry boat. Between November 1965 and November 1977, Shelby County and Talladega County jointly owned and operated a ferry service across the Coosa River.
*852 When the ferry service discontinued in November 1977, the Perkinses' predecessors in interest requested that Shelby County reconvey to them the county's interest in the right-of-way. On February 26, 1979, Shelby County issued a quit-claim deed returning the right-of-way to the Perkinses' predecessors in interest, subject to the following conditions:
"1. The [Perkinses' predecessors in interest] will not place any permanent buildings on said property;
"2. If at any time in the future, [Shelby] County should require said property for (a) the purpose of again operating a ferry, (b) the construction of a bridge, or (c) in any way need said property for the expansion of the transportation system in Shelby County, the property will be conveyed back to [Shelby County] at no cost."
At approximately the same time Shelby County executed the 1979 deed, the Perkinses' predecessors in interest executed another deed in favor of Shelby County, granting Shelby County title to a circular parcel of land on which to construct a traffic "turn around." That "turn around" is located at the western edge of the right-of-way that Shelby County returned to the Perkinses' predecessors in interest pursuant to the 1979 deed; in other words, the "turn around" is located at the point at which Shelby County had, in 1960, begun paving the right-of-way to connect Highway 28 to the Coosa River. After 1979, Shelby County neither used nor maintained the right-of-way; Shelby County has maintained the "turn around."
In 2003, the Perkinses entered into an option contract to sell the right-of-way to the TCEDA. According to the pleadings, the TCEDA intends to construct a bridge across the Coosa River to the "public roadway [i.e., the right-of-way] across the subject property."
The plaintiffs filed the declaratory-judgment action that is the subject of this appeal seeking to have the trial court invalidate the conditions in the 1979 deed between Shelby County and the Perkinses' predecessors in interest; the plaintiffs specifically maintained that the 1979 deed is valid. Shelby County answered and counterclaimed, seeking a judgment declaring the 1979 deed to be void.
In its motion for a summary judgment, Shelby County argued, among other things, that in issuing the 1979 deed it had failed to comply with the statutory requirements for closing and vacating a public road. See § 23-4-1 through -6, Ala. Code 1975. In the alternative, Shelby County argued that, assuming the 1979 deed is valid, the conditions in the deed are also valid and due to be upheld. In response, the plaintiffs argued that the deed is valid but that the conditions contained in the deed are invalid. The plaintiffs also argued, among other things, that, assuming that the statutory requirements for vacating a public roadway had not been followed, Shelby County had lost its interest in the right-of-way through its abandonment of the right-of-way for more than 20 years. See Barber v. Anderson, 527 So.2d 1296, 1297 (Ala.1988) ("A public road may be abandoned and thus lose its public character by nonuse by the general public for a period of 20 years."); see also Bownes v. Winston County, 481 So.2d 362 (Ala.1985).
After considering the parties' summary-judgment motions and the stipulation of facts, the trial court entered a judgment on November 10, 2004, in which it found in favor of Shelby County on all of the plaintiffs' claims and in favor of Shelby County on all of Shelby County's claims against the plaintiffs. In that order, the trial court declined to determine the validity of the 1979 deed. Instead, it concluded that the conditions contained in the 1979 deed *853 are valid, and it detailed its reasons for reaching that conclusion.
We disagree with the trial court's conclusion that it was not necessary to determine the validity of the 1979 deed. Based upon the November 10, 2004, judgment, it cannot be determined whether the Perkinses have any interest in the right-of-way at issue in this matter. The validity of the 1979 deed is the central issue in this case, and the other issues are dependent upon the resolution of that issue. The trial court's November 10, 2004, judgment does not specify whether it determined (1) that the 1979 deed is invalid, and, if so, whether the Perkinses have obtained some interest in the right-of-way (for example, through the purported abandonment by Shelby County of the right-of-way), or (2) that the 1979 deed is valid and that the Perkinses' interest in the right-of-way is subject to the conditions in favor of Shelby County.[1]
The trial court, in its November 10, 2004, judgment, failed to determine the primary issue between the parties. Therefore, we reverse the trial court's judgment and remand the action to the trial court for it to determine whether the 1979 deed is valid and to resolve any issues that might be dependent on that determination.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.
NOTES
[1] It might be argued that this court could presume that in addressing the validity of the conditions in the 1979 deed the trial court concluded that the deed is valid. However, the trial court specifically stated that it did not reach the issue of the validity of the 1979 deed. Also, the parties sought a judgment declaring the Perkinses' and Shelby County's rights in and to the right-of-way. In declining to determine the validity of the 1979 deed, the trial court failed to determine the extent of any rights the Perkinses and/or Shelby County might have in the right-of-way. Thus, further litigation would be required in order for those parties to obtain such a determination, if, for example, the prevailing party or parties wanted to transfer an interest in the right-of-way.