On Application for Rehearing
This court's opinion of July 20, 2007, is withdrawn, and the following is substituted therefor:
This is the second time this case has been before this court. In Perkins v. Shelby County, 942 So.2d 850, 851-52
(Ala.Civ.App. 2006), this court set forth the procedural history and facts of the case as follows:
 "Arthur Lee Perkins, Vicki Perkins, Robert Perkins, Gail Perkins (hereinafter collectively referred to as `the Perkinses'), and the Talladega County Economic Development Authority (`the TCEDA') filed an action against Shelby County in which they sought a judgment declaring the Perkinses' rights in certain property purportedly transferred to the Perkinses' predecessors in interest by Shelby County. Shelby County answered and counterclaimed.
 "Shelby County filed a motion for a summary judgment, and the Perkinses and the TCEDA (hereinafter collectively referred to as `the plaintiffs') also moved for a summary judgment. The parties filed a stipulation of facts, and they agreed that `the [trial court] could consider the Stipulation of Facts and the Motions for a Summary Judgment and rule upon the same.' On November 19, 2004, the trial court entered an order in which it granted Shelby County's motion for a summary judgment and denied the plaintiffs' motion for a summary judgment. The plaintiffs timely appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
 "In 1960, the Perkinses' predecessors in interest, Solly H. Perkins, Jr., and his wife, Pearl Helen Perkins, executed a deed in favor of Shelby County that conveyed to Shelby County a 40-foot-wide right-of-way across their farm. The right-of-way extended eastward across Solly and Pearl's land from Highway 28 to the west bank of the Coosa River. Shelby County paved the right-of-way and used it as a public road to connect Highway 28 to the west bank of the Coosa River; Shelby County also constructed a docking ramp on the property to accommodate a river ferry boat. Between November 1965 and November 1977, Shelby County and Talladega County jointly owned and operated a ferry service across the Coosa River.
 "When the ferry service discontinued in November 1977, the Perkinses' predecessors in interest requested that Shelby County reconvey to them the county's interest in the right-of-way. On February 26, 1979, Shelby County issued a quit-claim deed returning the right-of-way to the Perkinses' predecessors in interest, subject to the following conditions:
 "`1. The [Perkinses' predecessors in interest] will not place any permanent buildings on said property;
 "`2. If at any time in the future, [Shelby] County should require said property for (a) the purpose of again operating a ferry, (b) the construction of a bridge, or (c) in any way need said property for the expansion of the transportation system in Shelby County, the property will be conveyed back to [Shelby County] at no cost.'
"At approximately the same time Shelby County executed the 1979 deed, the Perkinses' predecessors in interest executed another deed in favor of Shelby County, granting Shelby County title to a circular parcel of land on which to construct a traffic `turn around.' That `turn around' is located at the western edge of the right-of-way that Shelby *Page 955 
County returned to the Perkinses' predecessors in interest pursuant to the 1979 deed; in other words, the `turn around' is located at the point at which Shelby County had, in 1960, begun paving the right-of-way to connect Highway 28 to the Coosa River. After 1979, Shelby County neither used nor maintained the right-of-way; Shelby County has maintained the `turn around.'
"In 2003, the Perkinses entered into an option contract to sell the right-of-way to the TCEDA. According to the pleadings, the TCEDA intends to construct a bridge across the Coosa River to the `public roadway [i.e., the right-of-way] across the subject property.'
"The plaintiffs filed the declaratory-judgment action that is the subject of this appeal seeking to have the trial court invalidate the conditions in the 1979 deed between Shelby County and the Perkinses' predecessors in interest; the plaintiffs specifically maintained that the 1979 deed is valid. Shelby County answered and counterclaimed, seeking a judgment declaring the 1979 deed to be void.
"In its motion for a summary judgment, Shelby County argued, among other things, that in issuing the 1979 deed it had failed to comply with the statutory requirements for closing and vacating a public road. See § 23-4-1 through -6, Ala. Code 1975. In the alternative, Shelby County argued that, assuming the 1979 deed is valid, the conditions in the deed are also valid and due to be upheld. In response, the plaintiffs argued that the deed is valid but that the conditions contained in the deed are invalid. The plaintiffs also argued, among other things, that, assuming that the statutory requirements for vacating a public roadway had not been followed, Shelby County had lost its interest in the right-of-way through its abandonment of the right-of-way for more than 20 years. SeeBarber v. Anderson, 527 So.2d 1296, 1297 (Ala. 1988) (`A public road may be abandoned and thus lose its public character by nonuse by the general public for a period of 20 years.');see also Bownes v. Winston County, 481 So.2d 362
(Ala. 1985).
 "After considering the parties' summary-judgment motions and the stipulation of facts, the trial court entered a judgment on November 10, 2004, in which it found in favor of Shelby County on all of the plaintiffs' claims and in favor of Shelby County on all of Shelby County's claims against the plaintiffs. In that order, the trial court declined to determine the validity of the 1979 deed. Instead, it concluded that the conditions contained in the 1979 deed are valid, and it detailed its reasons for reaching that conclusion."
This court concluded that the trial court had failed, in its November 10, 2004, judgment, to determine the primary pending issue, specifically, whether the 1979 deed was valid. Accordingly, this court reversed the judgment and remanded the cause to the trial court for a determination of the validity of the 1979 deed. Perkins v. Shelby County, supra.
On remand, the trial court, on October 6, 2006, entered a summary judgment in favor of Shelby County. However, in reaching that judgment, the trial court, among other things, determined that the 1979 deed was valid based on its finding that Shelby County was equitably estopped from challenging the validity of the deed. The plaintiffs appealed the October 6, 2006, judgment to our supreme court, and Shelby County cross-appealed. The appeals were transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975. *Page 956 
The plaintiffs agree on appeal with the trial court's determination that the 1979 deed is valid because Shelby County was equitably estopped from challenging its validity, but they raise issues pertaining to the trial court's determination that a condition in the deed was valid and binding upon them. In its cross-appeal, Shelby County argues that the trial court erred in concluding that it is equitably estopped from challenging the validity of the 1979 deed. We conclude that the resolution of the issue whether Shelby County is equitably estopped from challenging the validity of the deed is dispositive.
The doctrine of equitable estoppel is rarely applied against counties or municipalities. Talladega City Bd. of Educ. v.Yancy, 682 So.2d 33 (Ala. 1996); State Highway Dep't v.Headrick Outdoor Adver., Inc., 594 So.2d 1202 (Ala. 1992); and Alford v. City of Gadsden, 349 So.2d 1132
(Ala. 1977). A municipality or county may be estopped from denying the validity of a contract that it did not properly execute or into which it did not legally enter. City ofGuntersville v. Alred, 495 So.2d 566 (Ala. 1986);Alford v. City of Gadsden, supra. However, "`"[t]he doctrine of equitable estoppel is not a bar to the correction . . . of a mistake of law."'" State Highway Dep't v. HeadrickOutdoor Adver., Inc., 594 So.2d at 1205 (quoting FirstNat'l Bank of Montgomery v. United States,176 F.Supp. 768, 772 (M.D.Ala. 1959) (quoting in turn Automobile Clubof Michigan v. Commissioner, 353 U.S. 180, 182,77 S.Ct. 707, 1 L.Ed.2d 746 (1957))) (emphasis omitted). Our supreme court has explained:
 "Although the doctrine of equitable estoppel is only infrequently applied against a municipality or other governmental entity, Marsh v. Birmingham Board of Education, 349 So.2d 34, 36 (Ala. 1977), it will `apply against a municipal corporation when justice and fair play demand it.' City of Guntersville v. Aired, 495 So.2d 566, 568 (Ala. 1986). See Ex parte Mathers, 541 So.2d 1110 (Ala. 1989); Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977); City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110
(1967); Brown v. Tuskegee Light Power Co., 232 Ala. 361, 168 So. 159 (1936); see also Kohen v. Board of School Commissioners of Mobile County, 510 So.2d 216 (Ala. 1987); Ex parte Four Seasons, Ltd., 450 So.2d 110 (Ala. 1984). In other words, `"[t]he defense of equitable estoppel may be asserted against a municipal corporation when the character of the action and the facts and circumstances are such that justice and equity demand that the corporation should be estopped." Dillon on Municipal Corporations (4th Ed.) 675.' Brown, 232 Ala. at 367, 168 So. at 165. The application of the doctrine to governmental entities is in accord with the principle that `" `[t]he state, in all its contracts and dealings with individuals, must be adjudged and abide by the rules which govern in determining the rights of private citizens contracting and dealing with each other.'"' 232 Ala. at 367, 168 So. at 165 (emphasis added).
 "Indeed, this Court recognizes only two specific instances in which a municipality cannot be estopped. The first instance is one in which the municipality `question[s] the legality of a contract into which it had no authority to enter.' Alford v. City of Gadsden, 349 So.2d 1132, 1135
(Ala. 1977) (emphasis added). The second instance is one in which the municipality seeks to avoid doing `that which it has no authority to do.' Id., (emphasis added); see also City of Guntersville v. Aired, 495 So.2d 566, 568 (Ala. 1986). The sine qua non of the inapplicability of the estoppel doctrine in both instances is the absence of general *Page 957 authority in the municipality to do that which would result from the application of the doctrine. Thus, where it has the authority to enter a particular contract, `a city can be estopped to deny a contract[— even one] into which it did not tegally enter.' 495 So.2d at 568 (emphasis added)."
Talladega City Bd. of Educ. v. Yancy,682 So.2d at 36-37.
Shelby County asserts that the 1979 deed is void because it did not have the authority to execute the deed. Therefore, Shelby County argues, it may not be estopped from asserting that the deed is invalid. When a municipality or county lacks the legal authority to enter into a particular contract, the municipality or county cannot be estopped from challenging the validity of the contract. Ex parte Ballew, 771 So.2d 1040, 1041
(Ala. 2000); Maintenance Inc. v. Houston County,438 So.2d 741, 744 (Ala. 1983).
In Maintenance Inc. v. Houston County, supra, the parties entered into a contract without complying with the Competitive Bid Law, § 41-16-51, Ala. Code 1975, which specifies that contracts that are not entered into in compliance with that law are void. Maintenance argued that a county representative assured it that the contract would be valid even in the absence of competitive bids, and Maintenance contended that the County should be estopped from asserting the Competitive Bid Law as a defense. The trial court disagreed, and our supreme court affirmed, holding that "Maintenance cannot, . . . by way of estoppel, endow with validity a transaction which is illegal and against public policy."Maintenance Inc. v. Houston County, 438 So.2d at 744. The court went on to state:
 "Where, moreover, the legislature has expressed its public policy of voiding contracts which do not comply with the competitive bid law, we decline to expand the scope of our holding in Alford v. City of Gadsden, 349 So.2d 1132 (Ala. 1977), which upheld an estoppel argument against city officials who merely failed to follow the formalities of contract execution."
Maintenance Inc. v. Houston County, 438 So.2d at 744.
In Ex parte Ballew, supra, the trial court determined that a contract between Ballew and the Town of Priceville was void because it violated the Competitive Bid Law. Our supreme court affirmed, concluding that the contract at issue was void and that estoppel was not applicable to prevent a challenge to the legality of the contract. Ex parte Ballew,771 So.2d at 1043. In so holding, the court reaffirmed the holding of Maintenance Inc. v. Houston County, supra, noting that in that case the court had "expressly limited the use of the estoppel doctrine against a municipality to a situation where the contract was void as a result of a failure to comply with the formalities of execution, such as the situations inAlford [v. City of Gadsden, 349 So.2d 1132
(Ala. 1977),] and [City of Guntersville v.] Alred[,495 So.2d 566 (Ala. 1986)]." Ex parte Ballew,771 So.2d at 1042.
In arguing that it cannot be equitably estopped from contesting the validity of the 1979 deed, Shelby County argues that its failure to properly vacate the right-of-way rendered the 1979 deed void and, therefore, that the doctrine of equitable estoppel could not be applied to prevent its challenge of the validity or legality of the deed. See Ex parte Ballew, supra; Maintenance Inc. v. Houston County, supra. Shelby County maintains that the deed is invalid because it purports to convey a public right-of-way that had not lost its public character to a private party. *Page 958 
A public road may lose its public character if it is abandoned or if it is vacated pursuant to statute. See
§ 23-2-1 through -6 and § 23-4-20, Ala. Code 1975; Bownesv. Winston County, 481 So.2d 362, 364 (Ala. 1985) ("Non-use for a period of 20 years will operate as discontinuance of a public road."); see also Walker v. Winston CountyComm'n, 474 So.2d 1116, 1117 (Ala. 1985) (discussing the manners in which a public road may be abandoned). The statutes governing the vacation of a public road are in derogation of the common law and must be strictly construed. Holland v.City of Alabaster, 624 So.2d 1376 (Ala. 1993); Bownesv. Winston County, 481 So.2d at 363. Section 23-4-2, Ala. Code 1975, governs the procedures by which a municipality or county may vacate a public road. Section 23-4-20 governs the procedures by which an owner of land abutting a public road may seek to vacate the road. See Elmore County Comm'n v.Smith, 786 So.2d 449, 455 (Ala. 2000) ("[T]he plain language of the statutes [provides] that in order for an abutting land-owner to vacate a road pursuant to § 23-4-20, it is not necessary to comply with the procedures set forth in § 23-4-2.").
In Holland v. City of Alabaster, supra, an adjoining landowner sought to vacate a public road, and the City of Pelham passed a resolution assenting to the vacation of the road. Another adjoining landowner objected, as did the City of Alabaster, a neighboring city. The trial court set aside the vacation of the road. Our supreme court affirmed the trial court's voiding of the City of Pelham's assent to the vacation of the public road. The court stated that "[w]hen a city is vacating a street, a resolution of assent is not sufficient unless it follows all the requirements of the [applicable vacation] statute." Holland v. City of Alabaster,624 So.2d at 1378. In so holding, the court referenced a similar case as follows:
 "In McPhillips v. Brodbeck, 289 Ala. 148, 266 So.2d 592 (1972), the trial court set aside a street vacation that had been assented to by the county commission. Affirming, this Court stated:
 "`Nor are we here dealing with a vacation of a street initiated by public authority to better serve the public interest where the rule of public necessity must override private convenience, but on the contrary we deal with a statutory provision whereby private interests may under prescribed circumstances deprive others of the use of a portion of an existing street in order to further the personal desire of such private interests. Such a statute should be strictly construed so that it not be an agency for oppression or misuse. . . .'
 "289 Ala. at 154, 266 So.2d at 598."
Holland v. City of Alabaster, 624 So.2d at 1378.
In Hammond v. Phillips, 516 So.2d 707
(Ala.Civ.App. 1987), a trial court determined that an attempt by owners of land adjoining a public road to have that road vacated pursuant to the predecessor to § 23-4-20 was flawed by the landowners' failure to follow the procedure set forth in the applicable statute. The trial court concluded that the vacation of the public road was a nullity, and this court affirmed. This court stated that, "[b]ased upon our review of the applicable case law, we agree with the trial court's conclusion that the attempted vacation of a portion of [the public road] . . . was fatally flawed and, therefore, void."Hammond v. Phillips, 516 So.2d at 709.
In this case, the Perkinses' predecessors in interest asked that the public road be returned to them, and Shelby County, acting upon that request, executed the 1979 deed. No evidence in the record *Page 959 
indicates that the public abandoned its use of the right-of-way.[1] Further, none of the parties contends that either of the applicable vacation statutes was complied with before Shelby County executed the 1979 deed. Our review of the record does not indicate that Shelby County or the Perkinses' predecessors in interest complied, or attempted to comply, with either of the applicable statutes governing the vacation of a public road.
Regardless, because the vacation statutes were not followed and the record does not indicate that the right-of-way was abandoned as a public road, the right-of-way remained a public road at the time of the execution of the 1979 deed.
 "`The ancient maxim, "once a highway, always a highway," which has frequently been quoted by the Courts, is subject to the qualification that a highway, once established, continues until it ceases to be such by the action of the general public in no longer traveling upon it, or by action of the public authorities in formally closing it. Accordingly, a highway once in existence is presumed to continue until it ceases to be such, owing to abandonment or some other lawful cause.'"
Bownes v. Winston County, 481 So.2d at 363 (quoting 39 Am.Jur.2d Highways, Streets and Bridges § 139, pp. 512-13 (1968)).
A public road such as the right-of-way "cannot lawfully be disposed of unless it is properly vacated pursuant to the vacation statutes or it is abandoned. Bownes v. WinstonCounty, 481 So.2d at 364. Therefore, at the time it executed the 1979 deed, Shelby County lacked the legal authority to convey or transfer title to the right-of-way to the Perkinses' predecessors in interest. See Talladega CityBd. of Educ. v. Yancy, supra; Bournes v. WinstonCounty, supra. Accordingly, we must conclude that Shelby County's "absence of general authority" to execute the 1979 deed renders null and void the deed purporting to convey the right-of-way to the Perkinses' predecessors in interest.Talladega City Bd. of Educ. v. Yancy, 682 So.2d at 37;Holland v. City of Alabaster, supra; and Hammondv. Phillips, supra; see also Boys Work Inc. v.Gale, 321 So.2d 435, 437 (Fla.Dist.Ct.App. 1975) (the county commission "lacked jurisdiction to execute and deliver the deed" conveying a public road when it had failed to comply with the requirements in the statute governing the vacation of public roads). *Page 960 
We must further hold that the trial court erred in concluding that Shelby County was estopped from contesting the validity of the 1979 deed. The failure to vacate the right-of-way as a public road renders void any attempt by Shelby County to transfer by deed title to the right-of-way. The failure to properly vacate the right-of-way before the 1979 deed was issued is not in the nature of a mere failure to perform all required elements for the formalities of contract execution, as was the case in Alford v. City of Gadsden, supra, andCity of Guntersville v. Aired, supra. Rather, the 1979 deed was an illegal attempt to transfer public property to private individuals. Estoppel may not operate to "endow with validity a transaction which is illegal and against public policy." Maintenance Inc. v. Houston County,438 So.2d at 744. "[T]he problem with [the 1979 deed] does not involve the formalities of contract execution, [and, accordingly,] the doctrine of estoppel is not available to [the plaintiffs]."Ex parte Ballew, 771 So.2d at 1043.
We hold that the trial court erred in attempting to apply the doctrine of equitable estoppel to imply the vacation of the right-of-way as a public road in order to validate the 1979 deed, and we reverse the trial court's judgment. Based on this holding, the issues raised in the plaintiffs' appeal are moot.
OPINION OF JULY 20, 2007, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] The plaintiffs contend for the first time in their reply brief submitted to this court that the right-of-way was abandoned by the public. In support of that contention, the plaintiffs cite only the fact that Shelby County did not maintain the right-of-way. However, the record is devoid of any other evidence that might support an inference of abandonment.See Chatham v. Blount County, 789 So.2d 235, 238
(Ala. 2001) (discussing the proof required to establish an abandonment of a right-of-way); Walker v. Winston CountyComm'n, 474 So.2d at 1117 (same); and Zadnichek v.Fidler, 894 So.2d 702, 708 (Ala.Civ.App. 2004) (same). The party "alleging abandonment by virtue of nonuse ha[s] the burden of showing abandonment by clear and convincing evidence." Walker v. Winston County Comm'n,474 So.2d at 1117. Further, the plaintiffs did not make this argument to the trial court, and they first raised the issue in their reply brief submitted to this court. See Ex parte Ryals,773 So.2d 1011, 1013 (Ala. 2000) (an appellate court may not hold the trial court in error on an issue or argument the parties did not present to the trial court); see also Kyser v.Harrison, 908 So.2d 914, 917 (Ala. 2005) ("We note `the well-established principle of appellate review that we will not consider an issue not raised in an appellant's initial brief, but raised only in its reply brief.'" (quoting Brown v. St.Vincent's Hosp., 899 So.2d 227, 234 (Ala. 2004))). Accordingly, this court may not reach the issue of the possible abandonment of the right-of-way.