REL:09/26/2014

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2014

_____

### 1130440

_____

Sara Johnson Crossfield

v.

Limestone County Commission

**Appeal from Limestone Circuit Court**
**(CV-13-0058)**

MOORE, Chief Justice.

Sara Johnson Crossfield appeals from a summary judgment entered by the Limestone Circuit Court in favor of the Limestone County Commission ("the Commission") in Crossfield's

action to reverse the Commission's decision to vacate a portion of Dogwood Flats Road[1] in Limestone County. We affirm.

## I. Facts and Procedural History

In early 2013, the Commission proposed to vacate a portion of Dogwood Flats Road pursuant to § 23-4-1 et seq., Ala. Code 1975 (which addresses vacating streets and highways). The relevant section of Dogwood Flats Road lies near Tanner and runs north and south for a distance of approximately 2,230 feet. In April 2013, the Commission advertised the proposed road vacation for four consecutive weeks in a local newspaper. The Commission notified the abutting property owners of that portion of Dogwood Flats Road proposed to be vacated and scheduled a public hearing pursuant to § 23-4-2, Ala. Code 1975. Crossfield's property does not abut the portion of Dogwood Flats Road proposed to be vacated; it abuts Dogwood Flats Road approximately 400 feet north of the portion of the road that the Commission proposed to vacate.

---

[1]The name of the road appears both as "Dogwood Flat Road" and "Dogwood Flats Road" in the record and in the parties' briefs. We refer to the road as "Dogwood Flats Road."

1130440

On May 6, 2013, the Commission held a public hearing concerning the proposed road vacation. Crossfield attended the hearing and voiced her objections to the proposed road vacation pursuant to § 23-4-2(a) ("Any citizen alleging to be affected by the proposed vacation may submit a written objection to the governing body or may request an opportunity to be heard at the public hearing held as required herein.").

After the hearing, the Commission adopted a resolution vacating the relevant portion of the road. The Commission found that the portion of the road sought to be vacated was no longer in use by the general public and that it was in the public interest to vacate that portion of Dogwood Flats Road. The Commission found that the vacation of the road would not deprive any owner of any right to convenient and reasonable means of ingress and egress.

On June 5, 2013, Crossfield filed an appeal of the Commission's vacation of the road in the Limestone Circuit Court ("the trial court") pursuant to § 23-4-5, Ala. Code 1975 ("Any party affected by the vacation of a street, alley, or highway pursuant to this chapter may appeal within 30 days of the decision of the governing body vacating the street to the

circuit court of the county in which the lands are situated ...."). Crossfield alleged that she was a "party affected by the vacation of a portion of Dogwood Flat[s] Road" and asked the trial court to set aside the vacation of the road. Crossfield alleged, among other things, that the Commission had obstructed her access to Piney Creek, which lies to the east and south of Crossfield's property.

On June 21, 2013, the Commission moved the trial court to dismiss Crossfield's appeal on the grounds that "Crossfield is not a person affected by the vacation and lacks standing to appeal the decision of the [Commission] to vacate the subject portion of Dogwood Flats Road." The Commission's motion to dismiss included copies of public records relevant to the vacation of the road and an affidavit from Richard Sanders, Limestone County's engineer who coordinates the Commission's vacation of county roads. Sanders's affidavit states:

> "[Crossfield] is not an owner of land abutting the portion of Dogwood Flats Road to be vacated.
>
> "The portion of Dogwood Flats Road the County vacated is approximately 400 feet south of property owned by [Crossfield].
>
> "The [Commission] determined that the vacation of the subject portion of Dogwood Flats Road would not deprive any owner of any right to convenience

4

[sic] and reasonable means of ingress and egress, including [Crossfield]. ...

"... Dogwood Flats Road is not accessed by a public thoroughfare from the south. Upon my knowledge and belief, prior to the vacation of the subject portion of Dogwood Flats Road, [Crossfield] did not use the vacated portion of Dogwood Flats Road for ingress and egress to and from her property.

"Further, upon my knowledge and belief, neither [Crossfield] nor any other abutting landowners or the general public has been deprived of any convenient and reasonable ingress and egress to a nearby waterway. The vacated portion of Dogwood Flats Road was not being used by the general public to access any waterway or body of water."

On September 23, 2013, the Commission moved the trial court to convert its motion to dismiss into a motion for a summary judgment, which motion the trial court granted. On October 8, 2013, Crossfield filed a response to the Commission's motion. On November 20, 2013, Crossfield filed an affidavit on her own behalf in opposition to the Commission's motion for a summary judgment. Crossfield's affidavit states, in pertinent part:

"Roy (Crossfield) and I were both stunned when the [Commission] chose to close Dogwood Flat[s] Road and bar us with a chain and padlocks from the Piney Creek. I have read cases ... that state clearly that if a landowner is barred from a body of water that he does have the right for the vacation to be set aside. A landowner suffers a special injury if he is

5

denied convenient access to a nearby body of water. Williams v. Norton, 399 So. 2d 828 (Ala. 1981). McPhillips v. Brodbeck, 266 So. 2d 592 (Ala. 1972). Holz v. Lyles, 251 So. 2d 583 (Ala. 1971). We ask the good judge to set aside the vacation of Dogwood Flat[s] Road and reunite us again with our Piney Creek. ...

   "In my case, as the owner of Farm 8556, the vacation of Dogwood Flat[s] Road affects the value of my property, the safety of my property, the drainage of it, and the survival of it. There are many people who used the public way to visit the Piney Creek who are ardent supporters and cherish the Piney Creek, but no one cheers more loudly than the owner in the vicinity."[2]

On November 25, 2013, the trial court held a hearing on the Commission's motion for a summary judgment at which testimony was presented. At the hearing, the Commission argued that Crossfield did not have standing to appeal the vacation of Dogwood Flats Road because she was not an abutting landowner. Crossfield argued that she had standing to appeal because the vacation of the road denied her convenient access to Piney Creek and because the value of her property would be diminished as a result of the back-up of water in the ditches along Dogwood Flats Road, which would no longer be maintained by the County.

---

   [2]Crossfield's affidavit also recites events occurring in 2011 following a tornado and a flood.

6

On December 12, 2013, the trial court granted the Commission's motion for a summary judgment and dismissed Crossfield's appeal. The trial court's order states:

> "Upon a full and fair consideration of the matters pled and oral arguments made to the Court at said hearing, the Court finds there is no genuine issue as to any material fact and [the Commission] is entitled to the judgment of having [Crossfield's] appeal dismissed as a matter of law."

On January 17, 2014, Crossfield filed her notice of appeal to this Court pursuant to § 23-4-5 ("From the judgment of the circuit court, an appeal may be taken within 42 days by either party to ... the Supreme Court ....").

## II. Standard of Review

Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala. R. Civ. P.

> "'The standard of review applicable to a summary judgment is the same as the standard for granting the motion....'
>
> "'... The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the

nonmoving party must present "substantial evidence" creating a genuine issue of material fact--"evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved."'"

Pritchett v. ICN Med. Alliance, Inc., 938 So. 2d 933, 935 (Ala. 2006)(quoting Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So. 2d 1349, 1350 (Ala. 1994))(internal citations omitted). "Questions of law are reviewed de novo." Alabama Republican Party v. McGinley, 893 So. 2d 337, 342 (Ala. 2004).

## III. Discussion

The issue before this Court is whether Crossfield was a "party affected by the vacation" of Dogwood Flats Road and thus has standing to contest the Commission's decision pursuant to § 23-4-5, which provides:

"Any party affected by the vacation of a street, alley, or highway pursuant to this chapter may appeal within 30 days of the decision of the governing body vacating the street to the circuit court of the county in which the lands are situated, and upon such appeal, the proceeding shall be tried de novo, either party having the right to demand trial by jury .... From the judgment of the circuit court, an appeal may be taken within 42 days by either party to the Court of Civil Appeals or the Supreme Court in accordance with the Alabama Rules of Appellate Procedure."

(Emphasis added.) Section 23-4-2, Ala. Code 1975, provides that vacation of a road "shall not deprive other property owners of any right they may have to convenient and reasonable means of ingress and egress to and from their property, and if that right is not afforded by the remaining streets and alleys, another street or alley affording that right must be dedicated." (Emphasis added.)[3]

The Commission maintains that Crossfield has not provided substantial evidence showing that she is an affected party with standing to appeal. According to the Commission, Crossfield is not an affected party because (1) she is not an abutting landowner and (2) she has not been denied access to a waterway. Crossfield maintains that she does not have to be an abutting landowner in order to appeal the vacation of the road. She asserts that she can bring an action to prevent the vacation of Dogwood Flats Road because, she says, she has a

---

[3]Crossfield correctly notes that vacation statutes are to be strictly construed. See Bownes v. Winston Cnty., 481 So. 2d 362, 363 (Ala. 1985) ("There is a common law prohibition against the vacation of public ways. ... Therefore, the vacation statutes are in derogation of the common law prohibition against the vacation of public ways and must be strictly construed.").

special interest in the road and suffers "damages different in kind and degree from those suffered by the public."

## A. Ownership of abutting property is not a requirement for standing under § 23-4-5.

Ownership of land abutting the portion of the road to be vacated is not a requirement for standing to appeal the government's decision to vacate the road. See Jackson v. Moody, 431 So. 2d 509, 513 (Ala. 1983)("[P]laintiffs do possess standing to contest the vacation, notwithstanding the fact that they are not abutting property owners."); Gwin v. Bristol & Iron Works, Inc., 366 So. 2d 692, 694 (Ala. 1978)("[I]t is no consequence that they were not abutting owners to that specific portion proposed to be closed ...."). Crossfield correctly asserted that she is not required to be an abutting landowner to the vacated portion of the road in order to have standing to appeal the Commission's decision under § 23-4-5.

## B. To have standing under § 23-4-5, an individual must assert a special injury closely connected to the vacation of the road.

Section 23-4-5 does not define the phrase "party affected" used therein. However, § 23-4-2(b) protects "other property owners of any right they may have to convenient and

reasonable means of ingress and egress to and from their property." In addition, we have held that individuals who suffer "a special injury" from the vacation of a road have standing to contest the vacation. An individual suffers a special injury when he or she has suffered damage "different in kind and degree from [that] suffered by the public in general." Hall v. Polk, 363 So. 2d 300, 302 (Ala. 1978). For example, a special injury could be "an obstruction [that] forces the owner of land abutting on the obstructed road into a circuitous route to the outside world or denies convenient access to a waterway." Id.

However, a claimed injury is too remote to support standing when there is a "lack of a close connection between the wrong and the injury." Moody, 431 So. 2d at 513. We have referred to the requirement of a close connection as the "rule of remoteness," id.; see also Gwin, 366 So. 2d at 694.

In Hall v. Polk, we held that the petitioner, who lived directly east of a river, had standing when the roadway that was obstructed was the only "direct, convenient access" to the river from the petitioner's property. 363 So. 2d at 302. Although a more circuitous route to the river was available,

11

we held that the petitioner suffered a special injury because of his proximity to the river and the obstruction of convenient access. 363 So. 2d at 303. We also have held that property owners had standing as the result of a right derived from owning property in a subdivision. See Jackson v. Moody, 431 So. 2d 509, 513 (Ala. 1983)(holding that the interest in an access road to the dedicated beach area for those residing in the subdivision is not remote); Gwin, 366 So. 2d at 694 (holding that petitioners had standing because they purchased land in a subdivision as laid out by the subdivision map).

Crossfield stated that the vacation of Dogwood Flats Road affects the value, safety, drainage, and survival of her property and that the vacation of the road bars her "with a chain and padlocks from the Piney Creek." However, Crossfield failed to provide substantial evidence demonstrating that the road vacation affected her legal rights, her convenient access to Piney Creek, or the value, safety, and drainage of her property. Unlike the petitioner in Hall, Crossfield has not shown that the portion of the road vacated is her only direct and convenient means of access to Piney Creek. Evidence of a chain and a padlock on one road does not show that there is no

12

other convenient way to get to Piney Creek. Crossfield has not demonstrated any other non-remote special injury, such as a property interest, as the petitioners in Gwin and Jackson did.

Crossfield has not shown that she would suffer a specific injury different in kind and degree from that suffered by the general public and that passes muster under the rule of remoteness; therefore she is not an "affected" party pursuant to § 23-4-5.

## IV. Conclusion

Crossfield's evidence, even when viewed in the light most favorable to her as the nonmovant, does not create a genuine issue of material fact that would preclude a summary judgment for the Commission. Therefore, the summary judgment in favor of the Commission is affirmed.

AFFIRMED.

Stuart, Bolin, Parker, and Main, JJ., concur.

Murdock, Shaw, Wise, and Bryan, JJ., dissent.

1130440

MURDOCK, Justice (dissenting).

I dissent. The Limestone County Commission's decision to vacate over 2,000 feet of Dogwood Flats Road may be due to be upheld on the merits, but I cannot agree that Sara Johnson Crossfield does not have standing to challenge that decision.

As the main opinion notes, one who establishes that he or she has a "special injury" resulting from the vacation of a road has standing to challenge that vacation. The main opinion further observes that "[a]n individual suffers a special injury when he or she has suffered damage 'different in kind and degree from [that] suffered by the public in general.'" ___ So. 3d at ___ (quoting Hall v. Polk, 363 So. 2d 300, 302 (Ala. 1978)).

Crossfield's home and property abut Dogwood Flats Road at a point only 400 feet north of the vacated section. That fact alone gives Crossfield an interest in the roadway different from that of the general public. Furthermore, the rendition of the facts provided by the main opinion makes it clear that the vacation of Dogwood Flats Road will deprive Crossfield of a relatively direct means of access to Piney Creek. Moreover, Crossfield testified by affidavit that the vacation of Dogwood

14

1130440

Flats Road will affect the value of her property, safety, and drainage. Thus, both Crossfield's allegations and the undisputed facts establish that she suffered the kind of "special injury" required to allow her to challenge the vacation of Dogwood Flats Road.

Shaw, Wise, and Bryan, JJ., concur.